RICHARDSON v. RICHARDSON.

DIVORCE—MODIFICATION ·OF DECREE—RESERVATION—RELEASE.
Modification of decree of divorce, entered pursuant to property settlement agreement between the parties, which not only failed to reserve right to either party to apply for modification but expressly released defendant husband from future claims for support of plaintiff wife as alimony or otherwise *held*, improper after defendant's compliance with terms of the decree.

Appeal from Wayne; Jayne (Ira W.), J.  Submitted June 12, 1936.  (Docket No. 102, Calendar No. 39,041.)  Decided October 5, 1936.

Divorce proceedings between Sarah J. Richardson and Andy Richardson.  On petition of plaintiff to modify decree as to additional permanent alimony.  From order for plaintiff, defendant appeals.  Reversed.

*Edward Pokorny* (friend of the court), for plaintiff.

*William S. McDowell,* for defendant.

Toy, J.  On June 27, 1933, the circuit court in chancery entered its decree of divorce in this cause.  The marriage relation had existed since 1913.  In its decree the court disposed of the property rights of the parties in accordance with an agreement made between the parties and dated June 24, 1933.  In pursuance with such agreement the decree provided:

"It is further ordered that in addition to said back alimony above provided, the defendant shall pay to the friend of the court, as permanent alimony for the maintenance and support of the plaintiff and for her use and benefit, the further sum of $3 per week for a period of 80 weeks, commencing the 24th day of June, 1933, and that when said defendant has fully paid said sums as in this paragraph provided, the said defendant shall thereupon be released from any and all further or future claims for the support of the plaintiff herein as alimony or otherwise."

Defendant made the payments ordered.

On March 28, 1935, plaintiff filed her petition to amend and modify that portion of the decree above quoted so as to provide for additional permanent

alimony for her support and maintenance. The motion was opposed by defendant. The court after receiving a report from the friend of the court of Wayne county relative to the respective financial and physical conditions of the parties and after hearing testimony in open court, on February 4, 1936, entered its order amending the decree of divorce as follows:

"It is further ordered, adjudged and decreed that the defendant pay to the friend of the court as permanent alimony for the support and maintenance of the plaintiff and for her use and benefit the sum of three dollars per week payable weekly commencing September 23, 1935, until plaintiff remarries or until further order of the court."

Defendant appeals from such order and contends that the court is without power to amend its decree to provide for further alimony because the original decree, in accordance with the property settlement agreement, provided that when defendant had fully paid the amounts specified in the agreement and decree he should be released from all further and future claims for the support of plaintiff.

The circuit judge in modifying the alimony provision of the original decree, based his decision upon the case of *Mulcahy* v. *Mulcahy*, 270 Mich. 520. An examination of the decree in that case, however, discloses a provision, the like of which is not included in the decree before us. There the original decree contained a provision reserving to either party the right to apply further to the court as occasion might require. No such provision is contained in the instant decree, but on the contrary the decree expressly provides that when the defendant has paid the alimony therein provided he shall "be released from any and all further or future claims for the

support of the plaintiff herein as alimony or otherwise.''

The decree makes final provision for alimony between the parties, without any reservation of a future right to modify. The defendant has made the required payments. Such decretory provision, after performance, is final and binding upon the parties. The order of the circuit judge amending the decree is reversed and set aside, without costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. POTTER, J., did not sit.