SPENCE v. SPENCE.

1. DIVORCE—UNAPPEALED MODIFICATION OF DECREE—RES JUDICATA—SUBSEQUENT CONTEMPT.

Regularity of order made by court clarifying and modifying decree of divorce upon motion of plaintiff, of which defendant had notice and participated in hearing had thereon, from which order defendant took no appeal, may not be challenged by him in subsequently instituted contempt proceeding.

2. SAME—AGREEMENT EMBODIED IN DECREE—ALIMONY—CONTEMPT.
   Nonperformance of provision in written agreement between parties to suit for divorce which related to monthly payments and were there treated as provision for temporary and then permanent alimony and subsequently embodied in decree of divorce as a provision for payment of alimony *held,* punishable as a contempt.

3. SAME—INSURANCE—WILLS—PROPERTY SETTLEMENT—CONTEMPT.
   Husband's agreement, as embodied in decree of divorce, to carry insurance for the wife and his agreement to provide for her in his will *held,* matters of property settlement which cannot be enforced, nor defendant punished for nonperformance thereof, in a contempt proceeding.

4. SAME—ALIMONY DEFINED.
   Comprehensively considered, the term ''alimony'' is generally used and understood as meaning an allowance to be paid by the husband to the wife for her support and maintenance, and often their dependent children, pursuant to an order or decree by the court in a divorce proceeding.

5. SAME—AGREEMENT EMBODIED IN DECREE—ALIMONY.
   Notwithstanding recital in decree of divorce to which agreement of the parties was attached that the payments of money and performance of the other provisions in the agreement by defendant should be in lieu of wife's dower rights in husband's property, provisions whereby he agreed to pay $300 monthly until a certain date and $250 monthly thereafter in the agreement, which were definitely referred to therein as payments he agreed to make to her as alimony, will be considered as provisions for alimony when embodied in the decree.

6. SAME—CONTEMPT—FORMER ADJUDICATION.
   Dismissal of plaintiff's petition to have defendant held guilty of contempt without passing upon the merits of the petition did not constitute a former adjudication of parties' respective rights and obligations now sought to be adjudicated in a contempt proceeding after intervening order clarifying and modifying decree of divorce.

7. SAME—COSTS ON APPEAL.
   Wife is awarded costs on appeal in suit for divorce where husband who appealed maintained his position on appeal only in part.

Appeal from Kent; Brown (William B.), J. Submitted June 6, 1939. (Calendar No. 40,493.) Decided September 5, 1939.

Contempt proceedings by Harriette C. Spence against H. Wibirt Spence for nonpayment of alimony. From denial of motion and dismissal of petition, defendant appeals. Affirmed.

*Knappen, Uhl, Bryant & Snow,* for plaintiff.

*Floyd W. Cone,* for defendant.

NORTH, J. The parties to this suit were divorced in September, 1930. The decree as then entered was construed, clarified and modified upon motion of plaintiff heard and decided October 12, 1938. No appeal was taken by defendant from the order of the court construing and modifying the decree as first entered in this cause. As thus construed or modified the decree contains the following provision:

"And it is further ordered, adjudged and decreed that said H. Wibirt Spence pay to Harriette C. Spence, the several sums of money set forth and mentioned on his part to be paid in the agreement executed by and between said parties on the 10th day of July, 1930, at Grand Rapids, Michigan, and that said H. Wibirt Spence make performance of all said promises on his part contained in said agreement, a copy of which agreement is annexed hereto and made a part hereof."

Further details of this agreement between the two parties are hereinafter noted. In the matter now before the court, commenced October 22, 1938, plaintiff has alleged that defendant is in default for nonpayment of alimony. On her petition the court issued an order that defendant show cause, et cetera.

Defendant's motion to dismiss the petition was denied. Leave having been first obtained, defendant has appealed.

There is no merit to appellant's contention that because the above-mentioned agreement between these parties was only referred to in the first decree in this case, and not embodied in or attached thereto, therefore it could not be embodied by subsequent proceedings construing or amending the first decree, and for that reason the circuit judge was without power to entertain contempt proceedings under this clarified or amended decree. Defendant had notice of and took part in the proceedings incident to the clarification and modification of the former decree; and since he did not appeal from the order made he is bound thereby and cannot challenge its regularity in this contempt proceeding subsequently instituted.

The provisions of the agreement entered into between these parties which are material to the present proceedings may be outlined as follows:

(1)    Defendant agreed to pay plaintiff $300 per month until August 31, 1931, and thereafter $250 per month during the term of *his* natural life, provided remarriage of plaintiff or her death should terminate this provision.

(2)    The husband agreed to carry two life insurance policies, one of which upon the husband's death would provide for the payment of $100 per month to the wife during the remainder of her life, and the other provided for the payment of $500 per year to the wife during the remainder of her life. But the first of the policies provided that in any event the instalments should be payable over a period of 10 years and the second policy provided for a continuance in any event of its annual instalments over a period of 20 years; and the settlement agreement provided that in event of the wife's death before

these insurance instalments were fully paid, the balance of such instalments should be payable to the husband's estate. It was also provided in this portion of the agreement that the husband reserved "full control of said policies and full right to take any and all measures in connection with the same as though the same were payable to his estate."

(3) Defendant further agreed to leave by will to the wife one-third of any and all property of which he was possessed at the time of his death; and it was expressly recited: "Said will shall not at any time be changed in such a manner as not to provide for the said party of the second part as hereinabove set forth." The provision made in this paragraph for the wife terminated in the event of her death or remarriage.

Plaintiff alleges defendant has failed to perform the conditions of the agreement between them as embodied in the amended decree and in this proceeding she asks performance thereof and in event of nonperformance that defendant be punished for contempt of court. Defendant urges that this agreement instead of providing for the payment of alimony (which in case of default might be enforced by contempt proceedings) is a contract for a property settlement and as such is not enforceable by contempt proceedings; and therefore the circuit judge was in error in denying defendant's motion to dismiss the contempt proceedings.

As bearing upon the question of whether the agreement is purely a property settlement or one which, at least in part, provides for the payment of alimony, the following provisions of the agreement must be considered:

"Whereas, both parties hereto are desirous of arriving at a property and financial settlement between themselves in case a divorce is secured by either of the parties hereto. * * *

"It is mutually agreed between the parties hereto that, should a divorce be obtained by either of the parties hereto, the following settlement will be made and shall be incorporated in any decree of divorce that may be granted to either of the parties hereto. * * *

"It is further agreed by and between the parties hereto that, upon the institution of any action for divorce between the parties hereto, the monthly provision herein provided for the party of the second part shall be paid to the party of the second part as *temporary alimony* until such time as the final decree shall be signed, and that *no further alimony, either temporary or permanent,* charges or expenses in connection with said suit *shall be awarded* to the party of the second part, *except in accordance with the provisions of this agreement;* provided, however, that in case the parties hereto are divorced and the said party of the second part shall remarry, then upon such remarriage all payments herein provided for shall cease, and all her interest in said insurance policies hereinabove provided for shall become null and void." (Italics ours.)

By their agreement these parties provided that the husband should pay to the wife $300 per month until August 31, 1931, and thereafter $250 per month, and that such provision should be embodied in the decree if either secured a divorce. Further, from the italicized portions of the agreement just above quoted, it clearly appears the parties themselves considered these monthly payments as "temporary alimony" in the first instance and later to be paid as permanent alimony, because the agreement expressly states "no further alimony, either temporary or permanent * * * shall be awarded to the party of the second part, except in accordance with the provisions of this agreement." The agreement was one for both temporary and permanent alimony. It is now embodied in the court's decree as a provision

for the payment of alimony. Insofar as the provision is for the payment of monthly instalments of a stated sum it is one for the payment of alimony and nonperformance of the decree in this particular is punishable as contempt.

On the other hand, we are of the opinion that the husband's agreement, as embodied in the decree, to carry insurance for the wife and also his agreement to provide for her in his will are matters of property settlement, and they cannot be enforced or defendant punished for nonperformance thereof in a contempt proceedings.

"Comprehensively considered, that term (alimony) is generally used and understood by the courts and elsewhere as meaning an allowance to be paid by the husband to the wife for her support and maintenance, and often their dependent children, pursuant to an order or decree by the court in a divorce proceeding." *Van Dommelen* v. *Van Dommelen,* 218 Mich. 149.

We are mindful that in the court's decree to which the agreement of these parties is attached there is recital that the payments of money and the performance of the other provisions in the agreement by defendant shall be in lieu of her dower rights in the property of defendant, and if the payments are made and the other provisions performed they shall be "in full satisfaction of all claims that she, the said Harriette C. Spence, may have in any property which her husband * * * now owns or may hereinafter own or in which he may have any interest." Relying upon this portion of the decree appellant strenuously urges that decision herein is controlled by *Shafer* v. *Shafer,* 257 Mich. 372, and possibly other cases of like purport. We are not in accord with this contention of appellant, but instead because of the express terms of the agreement involved in the in-

stant case we think it is readily distinguishable from the *Shafer Case*. In addition to the portions of the agreement hereinbefore noted there were other provisions for disposition of properties which these parties then had and division of the proceeds derived therefrom. Further, a matter which is still more persuasive, by the agreement in the instant case the parties definitely referred to the payments which defendant agreed to make to plaintiff as alimony. Since they were so earmarked in the agreement, they should be held to be payments of alimony when embodied in the decree of the court. The instant case falls within *Tessmer* v. *Tessmer,* 261 Mich. 681; *Green* v. *Green,* 282 Mich. 34.

There is no merit to appellant's contention that a contempt proceeding instituted in this case by plaintiff prior to the amendment or clarification of the decree is *res judicata* of the present proceeding. Plaintiff's former petition was dismissed on defendant's motion without the court passing in any way upon the merits of plaintiff's petition charging that defendant was guilty of contempt of court. So far as appears from this record the subject matter of plaintiff's petition is now before the court for consideration upon its merits for the first time. Plaintiff's rights and defendant's obligations as now asserted have not previously been adjudicated.

The circuit judge's order denying defendant's motion to dismiss is affirmed. The case is remanded for further proceedings in accordance herewith. Appellee will have costs of this appeal.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and MCALLISTER, JJ., concurred.