EDGAR v. EDGAR.

1. DIVORCE—PROPERTY SETTLEMENT—ALIMONY—ABANDONED APPEAL.
   Property settlement and permanent alimony provisions of decree
   of divorce became final, where such provisions had been placed
   in the decree in the trial court, a general appeal taken there-
   from and eventually abandoned before presentation in the
   Supreme Court.

2. SAME—ALIMONY—MODIFICATION OF DECREE.
   The power of a court to modify a provision of a decree of
   divorce as to alimony is at an end, where a gross or lump
   sum in money or in property is awarded as alimony to the
   wife and received by her, in the absence of fraud.

3. SAME—FRAUD—INSANITY OF WIFE—EVIDENCE.
   Claim of divorced wife that plaintiff husband, a certified psychia-
   trist, had perpetrated a fraud upon the court in that her insane
   condition at the time of her commission of the acts for which
   a decree of divorce was given had been known to him but
   concealed from the court held, not substantiated, where it
   appears that 2 reputable physicians had been appointed to
   conduct an examination of the defendant wife, and the trial
   court actually considered it.

4. SAME—CONCEALMENT OF INSANITY—FRAUD—MODIFICATION OF
   DECREE.
   Defendant wife in suit for divorce may not seek a modification
   of only a part of the decree with reference to permanent
   alimony and not an avoidance of the entire decree, upon the
   ground that the decree had been obtained through the practice
   of a fraud upon the court by concealment of insanity of
   defendant (CL 1948, § 552.28).

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 762.
[2] 17 Am Jur, Divorce and Separation § 731.
[3] 24 Am Jur, Fraud and Deceit § 255 et seq.
[4] 30A Am Jur, Judgments §§ 657, 658, 723, 726.

Appeal from Wayne; FitzGerald (Frank), J. Submitted January 4, 1962. (Docket No. 30, Calendar No. 49,349.) Decided May 18, 1962. Rehearing denied July 2, 1962.

Bill by Irving I. Edgar against Claire A. Edgar resulted, after appeal, in decree of divorce for plaintiff with supplemental decree providing for alimony. Petition by defendant for modification of alimony award denied. Defendant appeals. Affirmed.

*Louis Rosenzweig,* for plaintiff.

*Henry Glicman,* for defendant.

KAVANAGH, J. Defendant appeals from an order denying her petition for modification of a supplemental decree of divorce relative to alimony issued pursuant to a remand order entered by this Court in *Edgar* v. *Edgar,* 323 Mich 351.

The parties were married December 10, 1926. Three children were born of the marriage. They lived together until January, 1947. On January 7, 1947, plaintiff filed a bill for divorce alleging acts of extreme and repeated cruelty by defendant. Subsequently, defendant filed a cross bill in which she sought separate maintenance.

The trial judge, after a hearing on the merits, entered an order dismissing both the bill of complaint and the cross bill on the ground that "neither the plaintiff nor the defendant are in this court of chancery with sufficiently clean hands to entitle either one to the relief prayed for."

Plaintiff took an appeal to this Court. On December 17, 1948, this Court handed down its opinion, reported in 323 Mich 351, wherein it reversed the decree of the lower court and granted plaintiff a divorce.

The cause was remanded to the circuit court of Wayne county for the taking of further testimony, if necessary, with authority and directions to amplify the decree to provide for property settlement, permanent alimony, and custody of minor children, with authority and directions to enter a supplemental decree.

Pursuant to such remand order the matter came on for hearing in the Wayne county circuit court. The trial judge issued a supplemental decree.

Under the heading of "alimony" the supplemental decree contained the following provision:

"And that said plaintiff pay said defendant through the office of the friend of the court the sum of $125 per month for a period of 2 years from the date hereof which said sum shall be in full of all permanent alimony."

Plaintiff complied with this provision of the supplemental decree by making the payments required.

Under the heading of "property settlement" the supplemental decree contained the following provision:

"And that unless the real property, household furniture and furnishings be divided and arrangements made for the payment of the tax lien by agreement of the parties within 30 days from the date hereof, then a receiver shall be appointed and the real property, furniture and furnishings sold and the proceeds distributed as follows."

On August 6, 1949, plaintiff filed a motion for appointment of a receiver for the following reasons:

"1. Said supplemental decree provides in part that unless the real property, household furniture and furnishings be divided and arrangements made for the payment of the tax lien by agreement of the parties within 30 days from the date hereof, then a receiver shall be appointed.

"2. That said 30 days have elapsed and no arrangements or agreements have been made as hereinbefore set forth."

On December 5, 1949, the court entered an order that the motion for appointment of a receiver be granted. Subsequently, by an amended order dated December 16, 1949, a receiver was appointed to take and sell the real property of the parties and to distribute the proceeds of the sales as follows:

"1. Pay the expenses and fees pertaining to this receivership.

"2. Pay the expenses of sale and necessary fees incurred therein.

"3. Pay the United States internal revenue tax lien in the sum of $18,810, plus interest.

"4. Pay 1/2 of the remaining balance to the plaintiff, Irving I. Edgar, and then pay the sum of $1,500 to Edward M. Barnard, Detroit, Michigan; further, the sum of $350 to Edward P. Frohlich, Detroit, Michigan; further, the sum of $151.96 to Crowley Milner & Company; further, the sum of $132.31 to Borden's Farm Products Company of Michigan, and the balance then remaining to said defendant, Claire A. Edgar."

Subsequently, the receiver filed reports of sale of the property. Each sale was later confirmed by the trial judge.

On December 23, 1949, defendant filed a claim of appeal with this Court. The appeal was subsequently abandoned.

About 11 years later, on December 19, 1960, defendant filed a petition for a modified decree of divorce relative to alimony under the provisions of CL 1948, § 552.28 (Stat Ann 1957 Rev § 25.106). The petition represented that since the granting of the supplemental decree, there has developed a substantial change in the circumstances and conditions of the parties; that there has been a substantial increase

in the income of plaintiff, as well as a substantial growth in his property and estate; that defendant is destitute and penniless, without means of support, and is receiving financial assistance and support from the department of public welfare for the city of Detroit; that defendant was committed by the order of the probate court for the county of Wayne to the Northville State hospital on December 1, 1955; and that by an order of the probate court on September 1, 1960, she was declared mentally sound.

On January 4, 1961, plaintiff filed an answer to defendant's petition to modify together with a motion to dismiss the petition on jurisdictional grounds.

On January 11, 1961, an order of reference for the taking of testimony by the friend of the court was filed. Subsequently, the friend of the court referee filed a report in which he expressed the conclusion that because of the fact the supplemental decree provided the plaintiff husband was to pay to defendant the sum of $125 per month for a period of 2 years in full of all permanent alimony, and because there had been full compliance on the part of the husband, the decree was final and not subject to modification. Defendant filed objections to this report.

On February 21, 1961, defendant filed an additional pleading entitled "additional ground in support of petition to modify decree of divorce relative to alimony." The additional ground consisted of a representation to the effect the original decree issued by the Supreme Court and the supplemental decree issued by the lower court were procured by means of the plaintiff perpetrating a fraud on the court. The alleged fraud consisted in plaintiff not disclosing that defendant was an insane person during the period she committed the several acts of extreme and repeated cruelty charged by plaintiff and that she was an insane person from the inception of the filing of the bill for divorce. The petition further stated

defendant continued to be insane during the pendency of the court proceedings up to and including July 6, 1949, the date of the issuance of the supplemental decree, and up to September 1, 1960, when an order of restoration to soundness of mind was issued by the probate court. In this pleading defendant further represented that because plaintiff was a certified psychiatrist, he had knowledge of defendant's insanity throughout the entire period in question and concealed such fact from the court. In the additional pleading defendant sought an order of modification of the decree for alimony on the ground it was procured through fraud.

On May 16, 1961, the lower court rendered a written opinion in which it held it did not have authority to modify the decree. The court relied on the decision in *Richardson* v. *Richardson,* 277 Mich 296, as controlling, and held as to the pleading filed by defendant entitled "additional ground in support of petition to modify decree of divorce relative to alimony" that "to allege a decree was based on fraud and to seek to modify that decree is, in effect, ratifying the decree void in the first instance, to obtain a modification for additional permanent alimony." The lower court held the ground seemed inconsistent and would not be considered.

Upon the entry of an order denying defendant's petition for modification of decree, defendant appeals.

It is the contention of defendant that the *Richardson Case* does not control this controversy. This argument is based upon the fact that in the *Richardson Case* a property settlement was entered into between the parties and approved by the court in the decree. In the instant case no property settlement was entered into by the parties themselves but rather the settlement was under decree and order of the trial court and the Supreme Court. Defendant con-

tends this distinguishes the *Richardson Case* from this case. With this we do not agree. The property settlement and permanent gross alimony provisions were placed in the supplemental decree in the trial court and a general appeal was taken from the supplemental decree and eventually abandoned before presentation in this Court. The decree in this regard became final. The decree contained the following provision pursuant to the opinion of the court:

"And that said plaintiff pay said defendant through the office of the friend of the court the sum of $125 per month for a period of 2 years from the date hereof which said sum shall be in full of all permanent alimony."

The opinion of the trial court filed prior to entry of the supplemental decree provided as follows:

"With reference to permanent alimony, this court finds that the defendant, having been guilty of the causes for divorce, is not entitled to the same consideration she would otherwise receive had she been the blameless party. In view of the fact that the property of the parties is being divided as hereinafter set forth, the court finds that such property settlement, together with the sum to be herein awarded, shall be permanent alimony and property settlement as required by the statute. The court further believes that the defendant will necessarily go through a period of adjustment following the entry of this decree and will require some funds to carry her over during this time of adjustment without resorting to the money she will receive from such settlement. The court, therefore, finds that the plaintiff shall pay to the defendant, through the office of the friend of the court, the sum of $125 per month for a period of 2 years from the entry of decree, which said sum shall be in full of all permanent alimony."

The permanent alimony was a provision for alimony in gross.

This Court in *Kutchai* v. *Kutchai*, 233 Mich 569, 575, said:

"Where a gross or lump sum in money or in property is awarded as alimony to the wife, the power of the court is at an end and there then is no power to modify it later."

It is clear that regardless of whether this property settlement is by the court or by the parties, it is not subject to modification or vacation in the absence of fraud.

The record discloses the defendant was represented at the hearing by able counsel. She participated in a week's trial and testified therein. After entry of the decree, she filed a petition for rehearing and filed a claim of appeal, which she later abandoned. There is nothing in this record warranting a modification or vacation of the decree.

The remaining question is—was the decree in this case procured by fraud perpetrated by the plaintiff husband upon the court?

The long drawn out proceedings held in this case indicate the court was fully advised with reference to the defendant, her acts, and her sanity. Two reputable physicians were appointed on March 17, 1950, to conduct an examination of the defendant and report to the court before March 20, 1950, on the subject of defendant's sanity. Surely, the sanity question was not concealed from the trial judge. He actually considered it. Defendant's allegations with reference to fraud do not have merit. Since all issues were tried and the court was advised with reference to defendant's sanity, whether it was as a result of the information furnished by plaintiff or by others, no issue can be raised at this time. The fraud complained of could not possibly be such as would vitiate the decree.

It is interesting to note that defendant does not seek the avoidance of the entire decree, but rather a modification of it, and then only as to the provisions with reference to permanent alimony. This she cannot do.

The order denying the motion to amend the decree and the order denying defendant's petition to have proofs taken with respect to the additional pleading for modification of the decree relative to alimony are affirmed. Plaintiff shall have costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.