ETTINGER *v.* ETTINGER.

1. DIVORCE—CONSTRUCTION OF DECREE—ALIMONY—SUPPORT OF CHILDREN.

Decree of divorce awarding $50 per week for alimony and child support and which stipulated "that so long as the sum of $50 per week is being paid, $25 shall apply on permanent alimony for the plaintiff" wife required something more positive than decree contained in order to terminate it, especially where defendant husband continued to make payments to his former wife for over 7 years after youngest child reached 17 years of age closely approximating wife's contention that she should be paid $25 per week for life or until she should remarry, the construction which the parties have placed upon the provision by the parties themselves being accorded consideration.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation § 624.
[2] 17 Am Jur, Divorce and Separation §§ 728 *et seq.*, 744 *et seq.*

2. SAME—MODIFICATION OF DECREE—EVIDENCE—REMAND.

Cause is remanded for further proceedings where no proofs had been taken on plaintiff wife's petition for modification of decree of divorce as to alimony, based upon alleged changes in the circumstances of the parties.

Appeal from Wayne; Wise (John M.), J. Submitted November 8, 1962. (Docket No. 57, Calendar No. 49,520.) Decided December 4, 1962.

Bill by Lois Ettinger against Fred A. Ettinger resulted in decree of divorce. Petitions for modification filed. Order entered terminating alimony payments. Plaintiff appeals. Reversed and remanded.

*Norman N. Robbins,* for plaintiff.

*Irving M. Stahl, Karbel, Eiges & Rothstein,* for defendant.

PER CURIAM. Plaintiff wife was awarded a divorce decree in 1944 in which the following provision for alimony appears :

"It is further ordered, adjudged and decreed that the defendant pay to the plaintiff, through the office of the friend of the court, as permanent alimony and for the support and maintenance of their minor children, the sum of $50 per week, in advance, until the older [Judge Wise found that the word "older" should have been "younger" and neither party contests this finding] child reaches the age of 17 years, or until the further order of the court. That so long as the sum of $50 per week is being paid, $25 shall apply on permanent alimony for the plaintiff, and the balance shall apply for the payment of support and maintenance of the minor children."

Plaintiff claims that the foregoing provision is ambiguous and requires construction. It is her claim that it should be construed as an award of alimony

in the amount of $25 per week to continue for her life or until she remarries, in addition to an award for child support for a limited period. Her theory is that the first sentence allocates weekly payment on the basis of 1/2 for alimony and the balance for support of the children until the youngest reaches the age of 17 years, after which, and until the further order of the court, her alimony payment in the amount of $25 per week is to continue. The defendant claims that the foregoing language is not ambiguous and that it clearly means that defendant's obligation to pay alimony terminated at the expiration of a stated period, namely, when the youngest child attained the age of 17. This, according to defendant, makes the award an award of alimony in gross not subject to modification. *Edgar* v. *Edgar*, 366 Mich 580.

The youngest of the parties' children reached 17 about 7 or 8 years ago, but defendant continued to make payments to the plaintiff through the friend of the court, although in the last few years payments continued they ranged from a low of $105 per month to a high of $150 per month. Then in 1960 payments stopped. Within 2 months thereafter plaintiff filed a petition for modification of the alimony provision, claiming that her financial circumstances had deteriorated and that defendant's had substantially improved since the entry of the decree. Defendant responded by answer and also by a separate petition entitled "Petition of defendant for modification of decree", in which he prayed for an order "reaffirming that defendant is no longer required to make alimony or support payments to the plaintiff."

The only proofs taken consisted of the chancellor's examination of plaintiff to establish the fact that each child of the parties had attained the age of 17 years. He ruled that defendant's obligation under the decree terminated when the youngest of the children reached the age of 17 years and that sub-

sequent payments made by defendant were mere gratuities.

In this ruling, the chancellor erred. The language of the alimony provision is not as clear as it might be, but where the obligation to pay weekly alimony is expressly decreed, as it is here, something more positive is required to terminate it than is contained in this decretal provision. Not to be overlooked is the construction of the provision placed upon it by the parties themselves. Defendant continued to make payments to his former wife after his youngest child reached 17 years in reduced amounts closely approximating his obligation therefor as contended by plaintiff and such payments continued for over 7 years.

The order entered must, therefore, be reversed. Since no proofs were taken on the plaintiff's petition for modification, based upon alleged changes in the circumstances of the parties, this cause is remanded for further proceedings thereon. Costs to appellant.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and ADAMS, JJ., concurred.

OTIS M. SMITH, J., did not sit.