SCHMIDT v. SCHMIDT

DIVORCE—ALIMONY IN GROSS—MODIFICATION OF JUDGMENT.
A court cannot amend or modify a judgment of divorce to re-
duce or eliminate the payment of alimony in gross provided
by the original judgment except on a showing of fraud.

Appeal from Kent, Stuart Hoffius, J. Submitted
Division 3 September 7, 1971, at Lansing. (Docket
No. 11985.) Decided September 29, 1971. Leave
to appeal denied, 386 Mich 774.

Complaint by Treva Schmidt against Louis J.
Schmidt for divorce. Judgment for plaintiff. Mo-
tion by defendant seeking modification of the divorce
judgment to eliminate the alimony provision dis-
missed. Defendant appeals. Affirmed.

*Porter, Day & Sawdey,* for plaintiff.

*Dunn & Dunn,* for defendant.

Before: QUINN, P. J., and McGREGOR and
BRONSON, JJ.

PER CURIAM. Defendant appeals the dismissal of
his motion to amend the alimony provision of a
judgment of divorce. The parties were divorced in
May 1967, by a judgment which awarded plaintiff
alimony of $75,000 to be paid in 125 monthly pay-

---

REFERENCE FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation § 675.

ments of $600 each, commencing on June 10, 1967. Defendant filed the present action on February 5, 1971, seeking amendment of the divorce judgment to eliminate the monthly payments, alleging a change in his financial circumstances.

Plaintiff has filed a motion to dismiss or affirm on the ground that the appeal does not present a substantial question. Defendant has filed a motion for reduction of alimony pending appeal.

The trial court correctly ruled that it could not amend or modify the judgment of divorce to reduce or eliminate the payment of alimony in gross provided by the original judgment. *Edgar* v. *Edgar* (1962), 366 Mich 580; *Kutchai* v. *Kutchai* (1926), 233 Mich 569. The courts cannot modify such an alimony in gross provision embodied in a final judgment except on a showing of fraud. *Ferrera* v. *Ferrera* (1969), 16 Mich App 661, 662; *Edgar* v. *Edgar, supra.* Defendant does not allege fraud. Defendant's complaint failed to state any ground for relief and was properly dismissed.

We find that the question presented is unsubstantial and requires no argument or formal submission. Defendant's motion for reduction of alimony is denied for lack of jurisdiction.

Affirmed.