FIRNSCHILD v FIRNSCHILD

1. DIVORCE—ALIMONY—MODIFICATION OF AWARD—PERIODIC ALIMONY
   —ALIMONY IN GROSS.

   Judgments of divorce granting periodic alimony are subject to
   modification; alimony in gross generally is not modifiable.

2. DIVORCE—ALIMONY—ALIMONY IN GROSS—LUMP SUM—PERIODIC
   PAYMENTS.

   Alimony in gross may be either a lump sum award or install-
   ments of a definite amount over a specific period of time.

3. DIVORCE—ALIMONY—PERIODIC PAYMENTS—CONTINGENCIES—ALI-
   MONY IN GROSS—MODIFICATION OF AWARD.

   An award of alimony which provides for periodic payments of a
   fixed amount over a specific period of time, which is nonethe-
   less reducible on the happening of a number of contingencies
   and thus not a specifically ascertainable sum, is not alimony in
   gross and is therefore subject to modification.

4. DIVORCE—PROPERTY SETTLEMENTS—MODIFICATION.

   A property settlement in an action for divorce, whether provided
   by the court or by agreement between the parties, is not subject
   to judicial modification in the absence of fraud.

Appeal from Wayne, Charles Kaufman, J. Sub-
mitted November 14, 1975, at Detroit. (Docket No.
23236.) Decided February 10, 1976.

Complaint by Janet E. Firnschild against Paul
G. Firnschild for divorce. Judgment for plaintiff.
Petition by Paul G. Firnschild for modification of
alimony and property settlement provisions of the

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 659.
[2] 24 Am Jur 2d, Divorce and Separation §§ 514, 614–616.
[3, 4] 24 Am Jur 2d, Divorce and Separation §§ 668, 669, 671.

judgment of divorce. Petition granted. Plaintiff appeals. Affirmed in part, reversed in part.

*Cooper, Baskin & Feldstein,* for plaintiff.

*Norman N. Robbins,* for defendant.

Before: BASHARA, P. J., and D. F. WALSH and W. S. WHITE,* JJ.

BASHARA, P. J. This is an appeal from modification of alimony provisions and a property settlement of a consent agreement incorporated in a divorce judgment.

On November 10, 1972 a divorce was granted the plaintiff. A consent agreement was incorporated in the judgment and provided for alimony and a property settlement. On May 2, 1974 on petition of the defendant the alimony and property settlement provisions were set aside on the grounds that the defendant lacked mental capacity at the time of the agreement, the plaintiff breached a fiduciary relationship, and the defendant lacked representation of counsel.

The record discloses that during the pendency of the divorce proceedings the defendant suffered severe depression attributable to the divorce. Furthermore, defendant was unable to understand the financial operation of his medical practice and relied heavily on the plaintiff to conduct business affairs. The record also shows that he refused to employ legal counsel although urged to do so by both the plaintiff and his own relatives.

The first issue on appeal is whether the trial judge had authority to modify the alimony provisions in the divorce judgment. Judgments granting

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

periodic alimony are subject to modification. *Lytle v Lytle,* 357 Mich 676, 681; 99 NW2d 377 (1959), MCLA 552.28; MSA 25.106. Alimony in gross generally is not modifiable. *Kutchai v Kutchai,* 233 Mich 569, 575; 207 NW 818 (1926).

Michigan has recognized that alimony in gross may be either a lump sum award, *Bialy v Bialy,* 167 Mich 559; 133 NW 496 (1911), 2 Michigan Practice, Marriage, Divorce and Separation, § 1744, pp 33–38, or installments of a definite amount over a specific period of time. *Edgar v Edgar,* 366 Mich 580; 115 NW2d 286 (1962), *Schmidt v Schmidt,* 36 Mich App 185; 193 NW2d 383 (1971), *lv den* 386 Mich 774 (1971). We do not believe that the alimony provisions in this particular case were alimony in gross. Although the payments were a fixed amount over a specific period of time, the periodic payments were reducible on the happening of a number of contingencies, such as sale of the marital residence, graduation from high school of the youngest child, and remarriage of the plaintiff. We hold that where the amount of the alimony award is not a specifically ascertainable sum, it is not alimony in gross and is subject to modification.

Plaintiff next argues that the trial judge was without authority to modify the property settlement. We agree. Property settlements, whether by the court or by agreement between the parties, are not subject to judicial modification in the absence of fraud. *Edgar v Edgar, supra.* The record does not reveal evidence of fraud.

We cannot help but note that the defendant conducted an active medical practice during the pendency of this matter. His failure to retain counsel as was urged by all parties merely compounded the problems which he faced. Nonethe-

less, in the absence of fraud the property settlement may not be disturbed.

The remaining issues are without merit.

The order modifying the alimony provisions is affirmed. The order granting modification of the property settlement is reversed and the original property settlement is ordered reinstated. No costs.