OKNAIAN v OKNAIAN

Docket No. 78-1401. Submitted December 7, 1978, at Detroit.—Decided May 1, 1979.

Harry Oknaian brought a divorce action against Marie Oknaian. Marie Oknaian filed an answer and counter-complaint. The parties reached an agreement as to the division of property, alimony and child custody and support. Harry Oknaian withdrew his complaint and the case proceeded *pro confesso* on Marie Oknaian's counter-complaint. The May, 1975, judgment of divorce included the provision that Harry Oknaian pay as alimony to Marie Oknaian $500 per week for the first five years, with said payments not being modifiable for remarriage, employment or any other cause, and after such five year period, alimony would continue until Marie Oknaian's remarriage or until further order of the court. In 1976, Harry Oknaian filed a petition for modification of the alimony provisions of the divorce judgment on the ground of changed circumstances. Wayne Circuit Court, Leo K. Foran, J., denied the motion to modify the alimony provision, finding that the alimony award for the first five years was alimony in gross and not subject to modification. Harry Oknaian appeals as of right, arguing that the alimony provision was ordinary alimony which is subject to modification by the court upon a showing of changed circumstances and urging that the trial court erred in refusing to hold an evidentiary hearing on the question of his changed circumstances. *Held:*

1. Alimony in gross is a court ordered obligation to pay a fixed sum to a divorced spouse.

2. An award of alimony in gross in a judgment of divorce cannot thereafter be modified or altered except on a showing of fraud.

3. The alimony provision of the judgment of divorce which provided for the weekly payment of a fixed amount and specifi-

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 614.
[2] 24 Am Jur 2d, Divorce and Separation § 668.
[3] 24 Am Jur 2d, Divorce and Separation §§ 614, 668.
[4] 24 Am Jur 2d, Divorce and Separation §§ 667, 668.

cally excluded modification during the first five years consti-
tuted an award of alimony in gross which could not be subse-
quently modified by the court.

4. Consideration of the question whether the award of regu-
lar alimony should be modified was properly dismissed as
premature where such award of regular alimony is to com-
mence in 1981, upon the termination of the weekly payments of
an award of alimony in gross.

Affirmed.

1. D<small>IVORCE</small> — A<small>LIMONY</small> — A<small>LIMONY IN</small> G<small>ROSS</small>.

Alimony in gross is a court ordered obligation to pay a fixed sum
to a divorced spouse.

2. D<small>IVORCE</small> — A<small>LIMONY</small> — A<small>LIMONY IN</small> G<small>ROSS</small> — M<small>ODIFICATION</small> —
G<small>ROUNDS</small>.

An award of alimony in gross in a judgment of divorce cannot
thereafter be modified or altered except on a showing of fraud.

3. D<small>IVORCE</small> — A<small>LIMONY</small> — P<small>ERIODIC</small> P<small>AYMENTS</small> — A<small>LIMONY IN</small> G<small>ROSS</small>
— M<small>ODIFICATION OF</small> A<small>WARD</small>.

An alimony provision in a judgment of divorce which provides for
the weekly payment of a fixed amount and specifically excludes
modification during the first five years constitutes an award of
alimony in gross, which may not be subsequently modified by
the court.

4. D<small>IVORCE</small> — A<small>LIMONY</small> — M<small>ODIFICATION OF</small> A<small>WARD</small> — P<small>REMATURE</small>
C<small>ONSIDERATION</small>.

Consideration of the question whether the award of regular
alimony should be modified is properly dismissed as premature
where such award of regular alimony is to commence in 1981,
upon the termination of the weekly payments of an award of
alimony in gross.

*Bernard S. Kahn,* for plaintiff.

*Norman N. Robbins,* for defendant.

Before: B<small>EASLEY</small>, P.J. and B<small>RONSON</small> and N. J.
K<small>AUFMAN</small>, JJ.

B<small>EASLEY</small>, P.J. On May 13, 1975, defendant-wife
was awarded, upon her counter-complaint, a de-
fault judgment of no-fault divorce from plaintiff-

husband under a procedure whereby plaintiff-husband withdrew his complaint for divorce and the parties agreed upon all the usual matters common to divorce, including custody, child support, alimony and division of property.[1]

Among other things, under the heading "Alimony", the divorce judgment provided as follows:

"It is further ordered and adjudged that the Plaintiff-husband shall pay to the Defendant-wife the sum of Five Hundred ($500.00) per week alimony, payable through the Friend of Court's office, said Five Hundred ($500.00) weekly payments for the first five years from date of Judgment shall not be modifiable for remarriage, employment or any other cause; however, after said five-year period said alimony shall be payable to the Defendant-wife until her remarriage, or until further Order of the Court. The said Plaintiff-husband shall receive no alimony."

On October 14, 1976, plaintiff-appellant husband filed a motion to modify the judgment of divorce to eliminate or greatly reduce the alimony payments, claiming that his economic situation had greatly worsened. The trial court interpreted the quoted provision as providing alimony in gross for the first five years, that alimony in gross is final and not subject to modification, and denied the motion

[1] The method used in taking this uncontested divorce tends to be peculiar to Wayne County. There has always been a difference of opinion over the proper or better way to handle divorce judgments where the parties are in agreement. Traditionally, many judges declined to grant divorces where a plaintiff sought to withdraw his complaint for divorce on the ground that the complaint for divorce was necessary to vest jurisdiction in the court for granting the divorce, and withdrawal of the complaint left the court without jurisdiction. Another method was to proceed as though the case were contested, but one party would decline to offer proofs. The disadvantage of this latter method is that it requires a larger fee be paid to the court, namely, a reporter's fee in addition to the judgment fee. If I were to express a preference as to method, it would be for the latter.

to modify without an evidentiary hearing. Plaintiff-appellant appeals as of right.

He argues that, since it was not labeled as alimony in gross in the divorce judgment, it was merely alimony and, thus, is modifiable where a substantial change in circumstances occurs.

Defendant claims that the divorce judgment was agreed to in every detail by the parties after careful consideration and that the stipulated alimony of $500 per week for five years was gross alimony, citing *Firnschild v Firnschild* [2] in support of that conclusion.

Plaintiff admits that the parties intended that, during the first five years after entry of the divorce judgment, modification in the $500 per week payment *not* be available. However, he says that by calling it alimony and, thus, subjecting him to punishment under the court's contempt power for default in payment, she deprived herself of the right to have it interpreted as gross alimony and, thus, not be subject to modification.

Consequently, while this type of issue has arisen many times before, perhaps it will be helpful to review it again in the light of no-fault divorce[3] and the very real possibility that the national constitutional amendment, popularly known as ERA, will be adopted.[4]

One definition of alimony is a court-ordered allowance for the sustenance or support of a divorced or legally separated spouse.[5] In the often-

---

[2] 67 Mich App 327; 240 NW2d 790 (1976).

[3] MCL 552.6; MSA 25.86. Amended by 1971 PA 75, § 1, effective January 1, 1972.

[4] The Equal Rights Amendment has been approved by 35 states to date. An additional three states are needed for ratification. The March 22, 1979, date for ratification has been extended to June 30, 1982.

[5] See Black's Law Dictionary (4th ed), p 97.

cited, leading case of *Bialy v Bialy*,[6] alimony is defined as follows:

"Alimony * * * is an incident of marriage, and based on the underlying principle that it is the duty of the husband to support his wife, not necessarily to endow her. Primarily it signifies, not a certain portion of his estate, but an allowance or allotment adjudged against him for her subsistence, according to his means and their condition in life during their separation, whether it be for life or for years. In practical application an award of permanent alimony in a gross sum may result in a division of the husband's estate; but the controlling element not to be lost sight of is his compulsory contribution for her support and maintenance under obligations of the marriage contract."

In *Spence v Spence*,[7] the Court said:

" 'Comprehensively considered, that term [alimony] is generally used and understood by the courts and elsewhere as meaning an allowance to be paid by the husband to the wife for her support and maintenance, and often their dependent children, pursuant to an order or decree by the court in a divorce proceeding.' " (Citing *Van Dommelen v Van Dommelen,* 218 Mich 149; 187 NW 324 [1922].)

The courts possess no inherent common law power to award alimony; that authority to order payment of alimony is purely statutory. The language of the Michigan statute is as follows:

"Upon every divorce from the bond of matrimony and also upon every divorce from bed and board if the estate and effects awarded to either party shall be insufficient for the suitable support and maintenance of either party and such children of the marriage as shall

---

[6] 167 Mich 559, 565-566; 133 NW 496 (1911).

[7] 290 Mich 98, 104; 287 NW 393 (1939).

be committed to the care and custody of either party, the court may further award to either party such part of the real and personal estate of either party and such alimony out of the estate real and personal, to be paid to either party in gross or otherwise as it shall deem just and reasonable, having regard to the ability of either party and the character and situation of the parties, and all the other circumstances of the case."[8]

Also relevant to the issue in this case is § 28, which the editors entitle "Revision and alteration of judgments for alimony", which provides:

"After a judgment for alimony or other allowance, for either party and children, or any of them, and also after a judgment for the appointment of trustees, to receive and hold any property for the use of either party or children as before provided the court may, from time to time, on the petition of either of the parties, revise and alter such judgment, respecting the amount of such alimony or allowance and the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, and may make any judgment respecting any of the matters which such court might have made in the original suit."[9]

These alimony statutes were reenacted in the no-fault divorce statutes with only slight changes. However, the removal of fault as a barrier to the granting of a divorce is a significant change to persons involved in divorce, the full, practical effects of which are not yet measured.

In interpreting these statutes, the courts have differentiated between alimony and alimony in gross. Under § 28 above, alimony is held to be subject to modification upon a showing of a substantial change in circumstances.

---

[8] MCL 552.23; MSA 25.103.

[9] MCL 552.28; MSA 25.106.

The fact that parties agree to recommend that a trial judge award alimony and the amount of each periodic payment does *not* mean that, if the trial court adopts the recommendation and includes them in a divorce judgment, he thereafter lacks power to alter the payments if circumstances substantially change.

In *Butler v Butler*,[10] Justice EDWARDS stated, in well written fashion, as follows:

"\* \* \* few legal questions have been as clearly answered as has the question of the power of a circuit judge to alter the terms of alimony specified in a prior decree, even where the preceding decree was based upon a property settlement between the parties and did not in terms provide for retention on the part of the court of the power to change it."

In *Eddy v Eddy*,[11] Justice WIEST states the rule in clear and plain language as follows:

"Defendant had no real estate. The agreement designated the monthly payments to be alimony. The monthly allowance was in fact alimony. The court, in adjudging alimony, could employ the agreement, and later, under power reserved by statute, modify the decree to comport with change in circumstances of the parties. \* \* \*

"As said in *Camp v Camp*, 158 Mich 221 [223; 122 NW 521 (1909)]:

" 'It is immaterial whether the decree for alimony and the support of children is incorporated in the decree by the consent of the parties, or by a determination of the court. When once incorporated in the decree the court obtains jurisdiction to revise it at any time thereafter.' \* \* \*

"It was not necessary to state reservation of the power of modification in the decree. Exercise of the

---

[10] 356 Mich 607, 616; 97 NW2d 67 (1959).

[11] 264 Mich 328, 330; 249 NW 868 (1933).

power was no violation of the mandate against impairment of obligations of contracts. The *decree* obligated defendant, and the decree was subject to modification."

Alimony in gross is a court-ordered obligation to pay a fixed sum to a divorced spouse.

In *Edgar v Edgar*,[12] the trial court awarded defendant-wife $125 per month for a period of two years, stating: "which said sum shall be in full of all permanent alimony". The Supreme Court, in describing that provision, stated: "The permanent alimony was a provision for alimony in gross".[13]

---

[12] 366 Mich 580, 586-587; 115 NW2d 286 (1962).

[13] The editors of American Jurisprudence offer the following textbook definitions:

"Alimony in gross, or 'lump-sum alimony,' is fundamentally the award of a definite sum of money; and if the sum is payable in installments the payments run for a definite length of time. The sum is payable in full, regardless of future events such as the death of the husband or the remarriage of the wife. Gross alimony becomes a vested right from the date of the rendition of the judgment, and the manner of its payment in no wise affects its nature or effect. The fact that the award is payable in installments is not determinative of the question whether it is gross alimony or periodic alimony." (Footnotes omitted.) 24 Am Jur 2d, Divorce and Separation, § 614, p 735.

"If the divorce court awards alimony in gross, or in a lump sum, without reserving the power to amend, the court cannot modify the provision, even where it is payable in installments. Even though a statute expressly authorizes the divorce court to amend or revise the decree or to make a new decree for alimony, the court cannot modify a decree for alimony in gross." (Footnotes omitted.) *Id.* § 668, p 785.

"Although there is some authority to the contrary, it is the almost universal rule that where a court has the general power to modify a decree for alimony, such power is not affected by the fact that such a decree for alimony refers to, or is based upon, or even incorporates, an agreement entered into by the parties to the action. Various reasons have been given for this rule. It has been said that where a divorce court makes a decree for permanent alimony in accord with an agreement, the agreement is merely advisory to the court, or merely supplies evidence upon which the court fixes the amount of alimony, and is not independently binding on the court, and does not affect its power to modify. * * * Furthermore, according to the general rule, a decree for alimony entered by consent is subject to subsequent modification by the court for the reason that the validity of such allowance depends upon the judicial sanction of the court, and not upon the agreement of the parties." (Footnotes omitted.) *Id.* § 670, pp 787-788.

A Michigan case, often cited as authority regarding alimony issues, is *Kutchai v Kutchai.*[14] In that 1922 divorce, plaintiff-wife was awarded an undivided one-half interest in the marital premises in lieu of any and all dower rights that she might otherwise have had in any real property of the defendant. The decree also awarded alimony and child support, which provisions were later modified in the same year, so that defendant was required to pay $50 per month and a further sum of $25 per week, but no lien on the real property to secure payment was provided. In 1925, plaintiff sought modification to make delinquent alimony a lien upon the real estate and to give her possession of the real estate. (In the meantime, defendant had conveyed his interest in the real estate to another.) The Court said:

"As regards the absolute divorce itself, the division of the property between the parties, and the property which the husband is permitted to retain and as to which dower and all claims of the wife are barred, the decree is not subject to be modified or altered. It is final, at least as final as other decrees.

\* \* \*

"Of course, this rule as to modification is otherwise as to \* \* \* alimony or other allowance for the wife and children." *Id.* 573.

The Court defined alimony as the allowance which a husband, by order of the court, must pay to his wife living separate from him for her maintenance. After noting that by statute the court is authorized to modify a decree for alimony or other allowance for child support, the Court held that the modification complained of was *not* of an allowance of alimony, but rather, of a division of

---

[14] 233 Mich 569; 207 NW 818 (1926).

property made by the original decree, and that the court had no power to do so, *i.e.,* to modify a property settlement. After making reference to alimony, the Court said: "Where a gross or lump sum in money or in property is awarded as alimony to the wife, the power of the court is at an end and there then is no power to modify it later". *Id.* 575.

The proposition that alimony in gross provided in an original judgment cannot be modified or altered except on a showing of fraud finds support in many Michigan cases.[15]

In *Firnschild, supra,* 329, this Court said: "Michigan has recognized that alimony in gross may be either a lump sum award, * * * or installments of a definite amount over a specific period of time". There the Court also said: "Judgments granting periodic alimony are subject to modification. * * * Alimony in gross generally is not modifiable." *Id.* 328-329.

Applying these principles to the within case, we find that the parties agreed upon a fixed amount of alimony, namely, $130,000, payable periodically over a period of five years. The parties, by preparing and consenting to a proposed divorce judgment, requested the trial judge to include it in the divorce judgment. He did so.

This sum of $130,000 constitutes alimony in gross payable over a five-year period. The parties expressed their intention in plain, understandable language that it was not modifiable.[16] That intention was approved by the court and made part of the divorce judgment. Under these circumstances,

[15] *Schmidt v Schmidt,* 36 Mich App 185; 193 NW2d 383 (1971), *Gmelin v Gmelin,* 324 Mich 590; 37 NW2d 561 (1949), *Stoutenburg v Stoutenburg,* 285 Mich 505; 281 NW 305 (1938).

[16] See, *Ettinger v Ettinger,* 368 Mich 426, 429; 118 NW2d 277 (1962).

plaintiff-appellant is not entitled to a modification of that gross alimony. The court is without power to modify the amount or the terms of payment of the $130,000. It is part of a final judgment and is as binding as any other final judgment.

After expiration of five years, the provision for payment of $500 per week alimony is subject to modification, the same as any other award of alimony. After five years, the alimony award is no longer fixed as to total amount and is, therefore, subject to modification in the event of substantial change in circumstances. To require a hearing now, based upon an October, 1976 petition to determine whether alimony payable on expiration of five years after the divorce judgment should be modified, would be premature.[17] Consequently, we do not find error in the refusal by the trial court to conduct an evidentiary hearing at this time based upon the October, 1976 petition.

Plaintiff-husband argues that we must treat the alimony provision as *one provision,* and that it must be either gross alimony or regular alimony, but not both. Neither the Michigan cases nor the Michigan statutes require this result.

In this case, the intention of the parties is unmistakable, *i.e.,* to fix alimony in gross in the sum of $130,000 payable in weekly installments of $500 over a period of five years, which provision is not modifiable for "remarriage, employment or any other cause", and to fix alimony at the rate of $500 per week thereafter, which provision is modifiable upon a showing of a substantial change of circumstances.

The divorce judgment includes provisions giving

[17] In so ruling, we do not preclude a new modification petition relating to the regular alimony which commences five years after the divorce judgment and which is in accordance with this opinion subject to modification upon a showing.

effect to the parties' intention. We see no reason to prohibit the parties in a divorce case from carrying out this agreement, if, as here, they are able to persuade the trial judge to include it in the divorce judgment. Thus, we decline to treat and interpret the provision as being only for regular alimony, as sought by plaintiff-appellant. On the contrary, consistent with this opinion, we find the $130,000 payable in weekly installments over a period of five years was alimony in gross and the $500 per week after the five years was regular alimony.

Affirmed, with costs.

BRONSON, J., concurs in the result only.