MARTIN v MARTIN

Docket No. 50859. Submitted March 12, 1981, at Lansing.—Decided April 22, 1981.

Blanche Martin filed a petition for the reduction of child support and alimony awarded to Josephine S. Martin pursuant to a judgment of divorce and to set aside the judgment. Following a hearing Ingham Circuit Court, Ray C. Hotchkiss, J., granted Blanche Martin's petition. Josephine S. Martin appeals. *Held:*

1. The trial court erred in modifying the award of alimony since the original award constituted alimony in gross and there was no showing of fraud in the inducement of a consent agreement on which it was based. In addition, even if the award were construed to be ordinary alimony, no showing of a change in circumstances justifying a modification was made.

2. The record does not indicate the trial court's basis for its modification of the award of child support. The order of modification is reversed, and the case is remanded for an evidentiary hearing to determine a reasonable sum for child support commensurate with the economic circumstances.

Affirmed in part, reversed in part, and remanded.

1. Divorce — Alimony in Gross — Installment Payments.

Alimony in gross is a court-ordered obligation to pay a fixed sum to a divorced spouse and includes an award of a fixed sum payable in installments for a definite length of time.

References for Points in Headnotes

[1] 24 Am Jur 2d, Divorce and Separation § 614.

[2] 24 Am Jur 2d, Divorce and Separation §§ 668, 675.
Power of court to modify decree for alimony or support to spouse which was based on agreement of parties. 61 ALR3d 520.

[3] 24 Am Jur 2d, Divorce and Separation §§ 667, 675, 676.

[4] 24 Am Jur 2d, Divorce and Separation § 850.
Power of court to modify decree for support of child which was based on agreement of party. 61 ALR3d 657.
Change in financial condition or needs of parents or children as grounds for modification of decree for child support payments. 89 ALR2d 7.

2. DIVORCE — ALIMONY IN GROSS — MODIFICATION OF JUDGMENTS.

   An award of alimony in gross in a judgment of divorce is not subject to modification absent a showing of fraud.

3. DIVORCE — ALIMONY — MODIFICATION OF JUDGMENTS.

   An award of ordinary alimony in a divorce action may be modified upon a showing of a change of circumstances which would justify the modification.

4. DIVORCE — CHILD SUPPORT — MODIFICATION OF JUDGMENTS.

   An award of child support in a divorce action may be modified upon a showing of a change in circumstances and the effect of such change on the economic needs of the child.

*Goodman, Miller & Miller,* for plaintiff.

*Dunnings & Canady, P.C.,* for defendant.

Before: BEASLEY, P.J., and BASHARA and MAC-KENZIE, JJ.

BEASLEY, J. In early 1979, defendant-appellee, Blanche Martin, filed a petition and then an amended petition to reduce child support and alimony and, apparently, to set aside the judgment of divorce on the basis that he had been coerced into signing a consent agreement while emotionally upset and under the care of a psychiatrist. After hearing, the trial court found that no fraudulent inducement had occurred, but otherwise granted defendant-appellee's petition and reduced the child support and alimony. Plaintiff-appellant, Josephine S. Martin, appeals as of right.

The parties had been married in 1966 and had one son, born in 1968. On August 16, 1978, a *pro confesso* divorce judgment was awarded to the plaintiff-wife, which provided that the defendant-husband pay to the plaintiff-wife, as alimony, the sum of $600 per month for a period of four years. The divorce proofs were offered pursuant to a stipulation of the parties and order of the court

withdrawing defendant's pleadings, and the divorce judgment was approved in writing by defendant and his counsel. The divorce judgment also provided that the defendant-father pay to the plaintiff-mother the sum of $1,200 per month, to continue until the parties' son reached 18 years of age or graduated from high school, whichever occurred later, and that defendant would also pay for a college education for the son.

In granting defendant's petition to modify the judgment, the trial court reduced the alimony to $100 per week, commencing November 20, 1979 and reduced the child support to $200 per week, commencing July 17, 1979, but otherwise left the divorce judgment in full force and effect.

The alimony provision in the divorce judgment provided as follows:

> "It is hereby ORDERED and ADJUDGED that the Defendant, BLANCHE MARTIN, shall pay to the Plaintiff, JOSEPHINE S. MARTIN, * * * the sum of Six Hundred and No/100 ($600.00) Dollars, per month, Alimony, commencing on the first day of September, 1978, and continuing on the same day of each month thereafter for a period of Four (4) years."

As indicated, the judgment of divorce was approved for entry in writing by defendant, Blanche Martin, and his attorney.

Alimony in gross is a court-ordered obligation to pay a fixed sum to a divorced spouse.[1] Where the award is payable in installments of a fixed amount and the payments run for a definite length of time, the sum is no less fixed and the award no less alimony in gross.[2] We hold that the alimony provided in the judgment of divorce was gross alimony.

---

[1] *Oknaian v Oknaian,* 90 Mich App 28; 282 NW2d 230 (1979).

[2] *Edgar v Edgar,* 366 Mich 580; 115 NW2d 286 (1962).

In general, alimony in gross is not modifiable.[3] While a showing of fraud will support a modification of alimony in gross,[4] in this case, the trial court expressly found that defendant's consent and agreement to the divorce judgment was not induced by fraud. Review of the record does not indicate that this finding was clearly erroneous.

While we are satisfied that the alimony provided in the divorce judgment was alimony in gross and, therefore, not subject to modification under the circumstances of this case, we note that, even if it were to be assumed that ordinary alimony had been provided, defendant, Blanche Martin, has not made the necessary showing of a change of circumstances such as would justify a reduction in alimony. The proofs offered in this case show neither a reduction in the needs of the wife nor a sufficient reduction in the ability of the husband to pay.[5]

Consequently, we find that even if the alimony provided in the divorce judgment were to be construed as ordinary alimony defendant would not be entitled to relief in this case at this time.

The divorce judgment also provided for child support based upon the suggestion, consent, and approval of the parties. There was not, however, any showing regarding the needs of the parties' son at the time of the divorce. A claim is made that the amount of child support is excessive in relation to the child's need because it was arrived at in an effort to induce plaintiff to reconcile. It should also be noted that plaintiff was permitted to remove the parties' son to Georgia when she moved there. The trial court did not indicate

---

[3] *Firnschild v Firnschild,* 67 Mich App 327, 329; 240 NW2d 790 (1976).

[4] *Oknaian, supra,* 37.

[5] *Hettiger v Hettiger,* 37 Mich App 431; 195 NW2d 10 (1971), *Butler v Butler,* 356 Mich 607; 97 NW2d 67 (1979).

whether it gave weight to this factor in reducing child support.

We treat child support differently than alimony in gross and do not attribute to it quite the same binding quality that we attribute to alimony in gross. Consequently, while we set aside the order for modified child support, we remand this case to the trial court to conduct an evidentiary hearing and to make a finding regarding a reasonable sum for child support commensurate with the economic facts.[6]

In accordance with this opinion, we reverse the judgment of the trial court modifying alimony and reinstate the alimony provided in the judgment of divorce. We reverse the judgment of the trial court modifying the child support provided in the judgment of divorce and remand this case to the trial court for determination of child support.

Affirmed in part, reversed in part, and remanded with costs.

---

[6] It is our intention that the trial court determine child support effective as of January 3, 1979, the date defendant filed his petition to amend, but we also intend defendant to have opportunity to offer evidence relative to plaintiff's moving the boy to Georgia and its economic effect on child support.