COUZENS v COUZENS

Docket No. 72826. Submitted June 19, 1984, at Lansing.—Decided
     February 4, 1985.

> Plaintiff, James Couzens II, and defendant, Janet Couzens, were
> divorced in 1977 by order of the Oakland Circuit Court. The
> divorce judgment incorporated by reference a property settle-
> ment agreed to by the parties. Under the terms of the settle-
> ment plaintiff was to pay specific amounts of alimony and
> periodic payments to defendant for specific periods of time and
> the amounts were not to be subject to extension, enlargement
> or diminishment for any reason other than the death or remar-
> riage of defendant, in which case the payments by plaintiff
> were to terminate. In 1983, plaintiff petitioned the court to
> reduce the alimony and periodic payment provisions of the
> divorce judgment, claiming that his annual income and net
> worth had substantially decreased since the 1977 divorce. The
> court, John N. O'Brien, J., found that there were no changes in
> circumstances warranting modification of the judgment provi-
> sions and denied plaintiff's motion to modify the judgment.
> Plaintiff appealed. *Held:*
>
>     1. The circuit court had both the jurisdiction and the power
> to modify the alimony and periodic payment provisions of the
> divorce judgment. Insofar as the trial court held differently, its
> ruling is reversed.
>
>     2. Plaintiff failed to prove a change of circumstances suffi-
> cient to justify modification of the divorce judgment.
>
>     3. Plaintiff's other issues are without merit.
>
>     Affirmed.

1. DIVORCE — ALIMONY — MODIFICATION OF ALIMONY AWARD.
     A circuit court generally has the jurisdiction and power to alter

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 24 Am Jur 2d, Divorce and Separation § 699 *et seq.*

Power of court to modify decree for alimony or support to spouse
    which was based on agreement of parties. 61 ALR3d 520.

Change in financial condition or needs of husband or wife as ground
    for modification of decree for alimony or maintenance. 18 ALR2d
    10.

[2, 3] 24 Am Jur 2d, Divorce and Separation §§ 635-637.

[4] 24 Am Jur 2d, Divorce and Separation § 712 *et seq.*

the terms of alimony specified in a prior judgment of divorce, even where the preceding judgment was based upon a property settlement between the parties and did not in terms provide for retention on the part of the court of the power to change it; an exception to this proposition is the situation where alimony in gross is awarded.

2. DIVORCE — ALIMONY — ALIMONY IN GROSS — LUMP SUM — PERIODIC PAYMENTS.

Alimony in gross may be either a lump sum award or installments of a definite amount over a specific period of time; in either case, alimony in gross is not modifiable.

3. DIVORCE — ALIMONY — PERIODIC PAYMENTS — CONTINGENCIES — ALIMONY IN GROSS — MODIFICATION OF ALIMONY AWARD.

An award of alimony which provides for periodic payments of a fixed amount over a specific period of time, which is nonetheless reducible on the happening of a number of contingencies and thus not a specifically ascertainable sum, is not alimony in gross and is therefore subject to modification.

4. DIVORCE — ALIMONY — MODIFICATION OF ALIMONY AWARD — CHANGED CIRCUMSTANCES — BURDEN OF PROOF.

The burden of proving changed circumstances sufficient to justify modification of an alimony award is on the party seeking the modification, and the court is entitled to look at all the surrounding circumstances, including the parties' intentions as expressed in their carefully drawn property settlement, in reaching a decision.

*Albert J. Lilly, Jr.,* for plaintiff.

*Frederick G. Buesser, III,* for defendant.

Before: MACKENZIE, P.J., and BEASLEY and J. R. KIRWAN,* JJ.

BEASLEY, J. Plaintiff-appellant, James Couzens II, appeals from an order denying his motion to reduce the alimony and periodic payment provisions of a 1977 divorce. On appeal, he asserts five issues as a basis for reversal.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The 1977 divorce judgment, which plaintiff's petition sought to modify, provided *inter alia:*

"7. *Alimony*

"The plaintiff, James Couzens II, shall pay to the defendant, Janet C. Couzens, as and for alimony for her support and maintenance, the following sums in accordance with the following terms and conditions:

"(a) Commencing November 1, 1977 alimony shall be paid in the amount of $700.00 per month, in advance; said payments to continue through December 31, 1981.

"(b) Effective January 1, 1982 alimony shall be paid in the amount of $433.33 per month, in advance.

"(c) Alimony payments provided for in subparagraphs (a) and (b) immediately preceding shall:

"(1) Terminate upon the death of the defendant-wife, or

"(2) Terminate at such time as the defendant-wife shall remarry. The defendant shall notify the plaintiff within ten (10) days of such occurrence.

"(3) In no other event be subject to extension, enlargement or diminishment.

"(4) Be deductible by the plaintiff and includible by the defendant for income tax purposes.

"8. *Periodic Payments*

"(a) Commencing January 1, 1982 and continuing through and including a payment due January 1, 1992, the husband shall pay to the wife the sum of $537.00 per month, in advance.

"(b) It is the intention, understanding and agreement of the parties that the alimony payments provided for in this paragraph have been bargained for and negotiated as a matter of contract between these parties, and are not to be subject to extension, enlargement or diminishment for any reason whatsoever, except that the same shall terminate upon the death of the wife, shall survive the death of the husband, and be a lien on his estate, and shall be deductible by the husband and includible by the wife for income tax purposes.

"(c) In the event the Internal Revenue Service or the Michigan Department of Treasury interprets this provision in such a way as to deprive the husband of the

income tax deduction aforesaid, or should future state or federal legislation deprive the husband of such income tax deduction, the parties shall, at the request of the husband, renegotiate the terms of this paragraph. Absent a conclusion of renegotiated agreement by the parties, the Oakland County Circuit Court shall, on petition of the husband, make such determination.

"9. *Property Settlement*

"That the terms of a certain property settlement agreement between the plaintiff, James Couzens II, and the defendant, Janet C. Couzens, dated Nov. 18, 1977, is incorporated, but not merged, into this judgment by reference as though specifically set forth in its entirety herein, and such agreement shall be and is the property settlement in this action."

The above-quoted provisions of the divorce judgment were taken verbatim from the parties' property settlement agreement, which was dated November 18, 1977, the same day on which the divorce was awarded.

In his motion, plaintiff claimed that since the divorce his annual income and his net worth are substantially decreased. In answer, defendant says in part that, after 29 years of marriage and the raising of ten children, she lacked work experience, with the result that in 1982 her earned income was approximately $4,500.

After hearing, the trial court held:

"1. The language in the judgment of divorce and property settlement are clear, unambiguous in their terms, and states that it is the intention, understanding and agreement of the parties that the alimony payments provided for in this paragraph have been bargained for and negotiated as a matter of contract, between these parties, and are not to be subject to extension, enlargement or diminishment for any reason whatsoever, except for termination on death of the wife, shall survive the death of the husband and be a lien on

his estate, and deductible by the husband and includible by the wife for purposes of income tax, and

"2. Further, that this court finds no material change in circumstances where these parties are concerned, both having suffered shrinkage in their respective assets. No such change that would warrant any modification in the alimony and periodic payments provisions of the judgment of divorce. Were they not clearly contracted for and unmodifiable, the court would not modify them on this record regardless."

On appeal, plaintiff argues that the foregoing is a ruling by the trial court that, "as a matter of law", the trial court was without jurisdiction to modify the alimony and periodic payment provisions of the divorce judgment.

Alimony, like child support, is a matter within the circuit court's jurisdiction. Under MCL 552.28; MSA 25.106, modifications of alimony provisions rest within the circuit court's jurisdiction. In *Oknaian v Oknaian,*[1] we said:

"The fact that parties agree to recommend that a trial judge award alimony and the amount of each periodic payment does *not* mean that, if the trial court adopts the recommendation and includes them in a divorce judgment, he thereafter lacks power to alter the payments if circumstances substantially change." (Emphasis in *Oknaian.)*

Similarly, in *Butler v Butler,*[2] the Supreme Court said:

"* * * few legal questions have been as clearly answered as has the question of the power of a circuit judge to alter the terms of alimony specified in a prior decree, even where the preceding decree was based upon a property settlement between parties and did not

[1] 90 Mich App 28, 34; 282 NW2d 230 (1979).
[2] 356 Mich 607, 616; 97 NW2d 67 (1959).

in terms provide for retention on the part of the court of the power to change it."

In accord with these authorities, we believe the circuit court had both the jurisdiction and the power to modify the alimony and periodic payment provisions of the divorce judgment. An exception to this proposition is the situation where alimony in gross is awarded.

In *Firnschild v Firnschild*,[3] we pointed out that alimony in gross may be either a lump sum award or installments of a definite amount over a specific period of time,[4] but that in either event alimony in gross is not modifiable.

In the instant case, the alimony was in the fixed sum of $700 per month for the period from November 1, 1977, through December 31, 1981. This constituted a fixed sum of money. While the sum was fixed, it was made terminable upon death or remarriage of defendant-wife, but otherwise not subject "to extension, enlargement or diminishment". Under *Firnschild* and *Oknaian, supra,* this was not alimony in gross, *i.e.,* was not an ascertainable, fixed amount. On the contrary, it was subject to a contingency, namely, the wife's remarriage. The chief reason for our conclusion that this was not gross alimony is the provision for termination of alimony on remarriage. The provision for termination of alimony on death of the wife does not bear upon the gross alimony issue.

In general, when alimony is payable to the former wife, the alimony terminates on her death. This is true even without a specific provision in the divorce judgment. Consequently, in this case,

[3] 67 Mich App 327; 240 NW2d 790 (1976), *lv den* 397 Mich 863 (1976).

[4] *Bialy v Bialy,* 167 Mich 559; 133 NW 496 (1911); *Edgar v Edgar,* 366 Mich 580; 115 NW2d 286 (1962).

making alimony terminable upon death of the former wife is not evidence of an intention to create gross alimony.

Thus, we hold that the parties' agreement respecting alimony and its inclusion in the divorce judgment neither deprived the trial court of jurisdiction nor of power to modify the alimony provisions. Insofar as the trial court held differently, we reverse its ruling. However, this does not mean that the trial court is precluded from giving consideration and attaching weight to the parties' intentions as expressed in their written agreement.

In seeking modification of the divorce judgment, the burden of proving a change of circumstances sufficient to justify modification was on the petitioner,[5] plaintiff-appellant. The trial court was entitled to look at all the surrounding circumstances, including the parties' intentions as expressed in their carefully drawn property settlement.[6] The trial court did look beyond the bare income figures contained in plaintiff's income tax return and concluded he had not shown a material change in circumstances that would require a reduction in alimony.

This is a case where plaintiff inherited and possessed at the time of the divorce valuable assets ($340,995) from which he realized substantial income. For example, he now testifies that at the time of the divorce only $19,000 of his then annual income of $43,948 represented earned income, while the other $24,948 came from dividends and interest. He claimed that in 1983, $17,264 came from his job and another $2,700 from dividends and interest. In the meantime, he invested $122,-

---

[5] *Schaeffer v Schaeffer,* 106 Mich App 452; 308 NW2d 226 (1981).

[6] *Graybiel v Graybiel,* 99 Mich App 30; 297 NW2d 614 (1980); *Ovaitt v Ovaitt,* 43 Mich App 628; 204 NW2d 753 (1972).

000 in the purchase of a California condominium, thus voluntarily reducing his income from dividends and interest.[7] His claim regarding unexpected income taxes is, of course, without merit. He either knew, or should have known, of the income tax consequences of his actions. On the facts of this case, we decline to permit plaintiff to use his income taxes as a basis for a reduction in alimony.

The trial court heard all of the testimony regarding the machinations of plaintiff with respect to his capital assets and concluded that there was not such a change of circumstances as would entitle him to escape from the alimony he agreed to pay. We see no worthwhile purpose in reciting all of those figures regarding gains and losses. We are not prepared to hold that if we had sat in the position of the trial judge we would have reached a different result.

Regarding other issues alluded to by plaintiff-appellant, we hold them to be without merit. In conclusion, we do not find any abuse of discretion in the findings and conclusions reached by the trial court.

Affirmed.

---

[7] *Gerlach v Gerlach,* 82 Mich App 605; 267 NW2d 149 (1978).