ECKHARDT v ECKHARDT

Docket No. 86652. Submitted July 10, 1986, at Lansing. Decided October 7, 1986.

Plaintiff, Henry Eckhardt, and defendant, Mary Jane Eckhardt, were divorced and plaintiff was ordered to pay weekly alimony until either defendant remarried or one of the parties died. Plaintiff moved the Saginaw Circuit Court to modify the alimony award, citing the fact of his retirement as a change in circumstances. The court, Gary R. McDonald, J., found that the money available to plaintiff after his retirement was greater than at the time the alimony judgment was entered and refused to modify the award. Plaintiff appealed.

The Court of Appeals *held:*

The Court of Appeals reviews modifications of divorce judgments de novo and will not disturb the decision of the trial court unless convinced it would have reached another result. Arrangements made for tax or social security purposes to divert wages into another form of income are not enough of a change in circumstances to justify a modification of alimony.

Affirmed.

1. Divorce — Alimony — Modification of Judgment.

An award of alimony in a judgment of divorce may be modified only where new facts or changed circumstances arising since the granting of the divorce judgment justify the modification.

2. Divorce — Alimony — Modification of Judgment — Burden of Proof.

The party seeking the modification of an award of alimony in a judgment of divorce has the burden of showing changed circumstances which justify modification of the judgment.

3. Divorce — Modification of Judgment — Appeal.

The Court of Appeals reviews modification of divorce judgments

References

Am Jur 2d, Appeal and Error § 137.

Am Jur 2d, Divorce and Separation §§ 710-712.

Change in financial condition or needs of husband or wife as ground for modification of decree for alimony or maintenance. 18 ALR2d 10.

de novo and will not disturb the decision of the trial court unless convinced it would have reached another result.

4. DIVORCE — ALIMONY — MODIFICATION OF JUDGMENT — CHANGE IN CIRCUMSTANCES.

Arrangements made for tax or social security purposes to divert wages into another form of income are not enough of a change in circumstances to justify a modification of alimony.

*Otto & Otto* (by *Bruce E. Otto*), for plaintiff.

*John A. Picard,* for defendant.

Before: CYNAR, P.J., and T. M. BURNS and M. E. KOBZA,* JJ.

PER CURIAM. Plaintiff appeals from an order denying modification or termination of alimony. We affirm.

Plaintiff and defendant were divorced in 1979 after a thirty-six-year marriage. The divorce judgment required plaintiff to pay alimony of $525 a week until defendant remarried or one of the parties died. In 1985, plaintiff moved for modification or termination of alimony after an alleged decrease in income due to retirement. The trial court denied plaintiff's motion, finding that, although plaintiff's wages had decreased, his income had not.

During the thirty-six-year marriage, plaintiff and defendant started the very successful Advance Pattern and Machine Company. At the time of the divorce, plaintiff was drawing a salary of $79,500 and defendant earned $23,400. As a stipulation to receiving alimony defendant was required to give up her job. After the divorce, plaintiff raised his own salary to cover the amount of alimony he had agreed to pay. The company also redeemed defen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dant's stock, leaving plaintiff and the couple's son as the sole stockholders.

In late 1984, plaintiff decided to retire, and a sale of most of the company's assets was arranged. Henry Allen Eckhardt, plaintiff and defendant's son, formed his own company and brought the assets of his father's company for $621,731, redeeming his stock in his father's company as part of the sale. Plaintiff reduced his salary to $7,280 and retired on January 1, 1985. Eight days later he moved to modify the divorce judgment to reduce or terminate alimony.

After 2½ days of proofs, the trial court found that, in addition to plaintiff's salary of $7,280, plaintiff was receiving $8,412 in social security, $4,800 in interest on a money market account, and $24,000 for a covenant not to compete with his son. In addition, the trial court found that plaintiff's new wife had been given a salary of $39,000 for answering the phone at home and filling out a couple of papers each month. The money actually available to plaintiff each year was $83,492, an increase from his salary at the time of the divorce. For that reason, the trial court denied plaintiff's motion. The court also noted that plaintiff, as sole stockholder, had control of interest income of $65,-000 that Advance Pattern and Machine was receiving yearly on the sale of its assets and cash on hand. Furthermore, plaintiff has a pension plan of at least $116,000 from which he could draw when he chose to do so.

Authority for modifying a divorce judgment is statutory. MCL 552.28; MSA 25.106. Modifying an award of alimony under this section may be based only upon new facts or changed circumstances arising since the judgment which would justify revision. *Crouse v Crouse,* 140 Mich App 234; 363

NW2d 461 (1985). The party requesting modification has the burden of showing a sufficient change of circumstances to warrant it. *Couzens v Couzens,* 140 Mich App 423; 364 NW2d 340 (1985). This Court reviews divorce judgment modifications de novo and will not disturb trial court decisions unless convicted it would have reached another result. *Schaeffer v Schaeffer,* 106 Mich App 452; 308 NW2d 226 (1981).

We find that, although plaintiff's circumstances have changed, the change does not justify modification of his alimony obligation. Plaintiff's wages have decreased drastically, but his income has remained stable. Now that the company has redeemed his son's stock, plaintiff is the sole owner of Advance Pattern and Machine Company and is able to manipulate the income of the company for his own benefit. For example, he has the company paying his wife a salary of $39,000 for answering her home phone, writing out her own and her husband's pay checks, and filling out a few forms. The trial court did not abuse its discretion by finding that the $39,000 was actually money available to plaintiff. Nor was it an abuse of discretion to find that the $24,000 plaintiff contracted to receive each year from a covenant not to compete with his son was income available to plaintiff. Although plaintiff has ostensibly assigned this money to the company, it is money over which he has complete control and was not strictly a return on company assets because there was never a threat that plaintiff would compete against his son. Arrangements made for tax or social security purposes to divert wages to another form of income are not enough of a change in circumstances to justify a modification in alimony.

Affirmed.