## TURNER v TURNER

Docket No. 109883. Submitted June 20, 1989, at Detroit. Decided September 6, 1989. Leave to appeal applied for.

Alfred A. Turner, Jr., sought and obtained a divorce from Marlene J. Turner in the Wayne Circuit Court, Lucile A. Watts, J. The judgment of divorce provided for an award to defendant of alimony in gross in the amount of $44,770 payable in 121 monthly installments of $370. The judgment further provided for a reduction or termination of alimony payments in the event of defendant's remarriage or death. Defendant subsequently filed a motion for a modification of the alimony award. The trial court denied the motion. Defendant appealed.

The Court of Appeals *held:*

An award of alimony in gross which is payable by periodic payments of a definite amount over a specific period of time is not automatically transformed into an award of periodic alimony where the award provides for a reduction or termination of payments upon the awardee's remarriage or death. Rather, the trial court must attempt to ascertain the intent of the parties and give effect to that intent. Here, the record indicates that the parties negotiated and agreed upon a property settlement, including alimony in gross, and that it was not their intent to create periodic alimony upon defendant's remarriage or death.

Affirmed.

1. DIVORCE — ALIMONY — ALIMONY IN GROSS.

Alimony in gross is a sum certain and is payable either in one lump sum or by periodic payments of a definite amount over a specific period of time; an award of alimony in gross is not modifiable absent a showing of fraud.

2. DIVORCE — ALIMONY — ALIMONY IN GROSS.

An award of alimony in gross which is payable by periodic payments of a definite amount over a specific period of time is

REFERENCES

Am Jur 2d, Divorce and Separation §§ 558 *et seq.*, 624 *et seq.*, 746-748.

See the Index to Annotations under Alimony.

not automatically transformed into an award of periodic alimony where the award provides for a reduction or termination of payments upon the awardee's remarriage or death; rather, the trial court must attempt to ascertain the intent of the parties and give effect to that intent.

*Lisa R. Wenger,* for plaintiff.

*Stephen H. Boak,* for defendant.

Before: GRIBBS, P.J., and GILLIS and SULLIVAN, JJ.

PER CURIAM. Defendant wife appeals as of right from a circuit court order denying her motion for modification of an award of alimony contained in a 1980 judgment of divorce. In denying defendant's motion, the trial court ruled that the judgment's alimony provision provided for alimony in gross and, therefore, was nonmodifiable. Defendant now challenges that ruling on appeal, claiming that, because of the contingencies contained in the alimony provision, periodic alimony was created. We disagree with defendant's argument and, thus, affirm the trial court.

The divorce judgment in this case provided:

### ALIMONY

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff, Alfred A. Turner, Jr., shall pay to the Defendant, Marlene J. Turner, *as alimony in gross the sum of Forty-Four Thousand Seven Hundred Seventy Dollars* ($44,770.00) payable in 121 monthly installments of Three Hundred Seventy Dollars ($370.00) per month, commencing February 1, 1980.

IT IS FURTHER ORDERED AND ADJUDGED that in the event of the remarriage or death of the Defendant within five (5) years from the date of this Judgment of Divorce, Plaintiff[']s total obligation

for Alimony shall be Twenty Two Thousand Three Hundred Eighty-Five Dollars ($22,385.00). If the Defendant shall die or remarry after five (5) years from the date of Judgment of Divorce the Plaintiff[']s obligation for Alimony shall terminate as of the date of death or remarriage of the Defendant and Plaintiff shall be free from any further liability for Alimony payments provided for in this paragraph. There shall be no alimony for plaintiff.

Although the circuit court has the authority to modify an alimony award upon a showing of a change in circumstances, MCL 552.28; MSA 25.106, an exception exists for alimony in gross which is nonmodifiable absent a showing of fraud. *Hall v Hall,* 157 Mich App 239, 241; 403 NW2d 530 (1987); *Oknaian v Oknaian,* 90 Mich App 28, 37; 282 NW2d 230 (1979). Alimony in gross is a sum certain and is payable either in one lump sum or by periodic payments of a definite amount over a specific period of time. *Van Houten v Van Houten,* 159 Mich App 713, 716-717; 407 NW2d 69 (1987). In determining whether an alimony provision provides for alimony in gross or periodic alimony, this Court generally construes the agreement to give effect to the parties' intent expressed in that agreement. *Goldberg v Goldberg,* 171 Mich App 643, 646; 430 NW2d 926 (1988); *Pierce v Pierce,* 166 Mich App 579, 580-581; 420 NW2d 855 (1988), further consideration of certification of conflict declined in the absence of an application for leave to appeal, 430 Mich 1202 (1988).

Several panels of this Court have adopted a bright-line approach to distinguish periodic alimony from alimony in gross: if the alimony provision contains a contingency, i.e., the payee spouse's survival or remaining unmarried, then the alimony is deemed to be periodic alimony. See, e.g., *Van Houten, supra,* p 717; *Hall, supra,* pp 242-243;

*Couzens v Couzens,* 140 Mich App 423, 428; 364 NW2d 340 (1985); *Welch v Welch,* 112 Mich App 524, 526; 316 NW2d 258 (1982). Contingencies, according to those panels, clearly evidence either the parties' or the trial court's intent to create periodic alimony. *Hall, supra,* p 243; *Oknaian, supra,* p 38. Moreover, the reasoning behind that rule is that, if the continuation of monthly payments is subject to a contingency, the actual amount of the obligation is not ascertainable and, thus, cannot be considered alimony in gross. *Hall, supra,* p 242; *Firnschild v Firnschild,* 67 Mich App 327, 329; 240 NW2d 790 (1976), lv den 397 Mich 863 (1976).

In *Hall, supra,* a panel of this Court held that the survivorship contingency included in the otherwise alimony-in-gross provision transformed the alimony to periodic alimony. However, in a separate concurrence, M. G. HARRISON, J., wrote:

> The majority adopts a "bright line" test to distinguish periodic alimony from alimony in gross and focuses solely on whether any contingency, however remote, might affect the total sum paid.
>
> Although I concur that the provisions do not lead to a conclusion that alimony in gross has been created in law, I am not persuaded that such was not intended by the parties. The alimony provision is alimony in gross in every respect except for termination in the event of plaintiff's death, something which may have been conceded in the negotiations as having no significance to her.
>
> In negotiating the terms of a divorce judgment, a party may well bargain for a smaller amount of property in exchange for the security of a substantial sum certain, payable in installments, but not subject to later modification. Under such circumstances, it would be inappropriate to deprive that party of the benefits of a bargain both intended

merely because full payment is contingent on the payee's survival for the payment period. I submit that, without looking to other factors involved, a survival contingency alone does not necessarily transform alimony in gross to periodic alimony. [157 Mich App 245-246.]

On the other hand, two panels of this Court recently have endorsed a different approach: one which focuses on the intent behind the alimony provision regardless of a survivorship contingency. See *Pierce, supra,* pp 580-582, and *Macoit v Macoit,* 165 Mich App 390, 392-393; 418 NW2d 476 (1988). The number and type of contingencies, though, should be considered in determining the intent. *Hall, supra,* p 246 (M. G. HARRISON, J., concurring). The panel in *Macoit* noted that, although *Hall, supra,* involved a settlement agreement between the parties, the reasoning of Judge HARRISON's concurrence also applies to situations in which alimony was awarded by the court. *Macoit, supra,* p 393.

Here, the parties apparently negotiated and ultimately agreed to the property settlement, including the alimony provision which contained the language "alimony in gross." The record expressly shows that both plaintiff and defendant understood, before the trial court approved the settlement, that the court thereafter would not have authority to modify the property settlement and "gross alimony pay out." Moreover, the amount of the award, $44,770, is ascertainable despite the contingencies. We conclude that, in order to give effect to the parties' intent, we must affirm the trial court's ruling that the provision in this case provided for alimony in gross, even though in so doing we depart from prior decisions of several

panels of this Court.[1] We do not believe that the dual contingency in this case conclusively showed the parties' intent to create periodic alimony.

Affirmed.

---

[1] Although Judge SULLIVAN was a member of the majority in *Hall, supra,* he has reconsidered his position and now follows the reasoning of subsequent cases.