BONFIGLIO v PRING

Docket No. 151576. Submitted June 4, 1993, at Grand Rapids. Decided
October 5, 1993, at 9:45 A.M.

Donna B. Bonfiglio obtained a divorce from G. Dan Pring in the
Ottawa Circuit Court pursuant to a judgment that awarded her
alimony payable monthly from October 1986 to December 1990
and subject to termination upon her death or remarriage. In
March 1992, the plaintiff moved for, and the court, Calvin L.
Bosman, J., denied, modification of alimony. The plaintiff ap-
pealed.

The Court of Appeals *held:*

Periodic alimony is subject to modification upon a showing of
a change in circumstances. Alimony in gross is not subject to
modification absent a showing of fraud. The inclusion of a
survival or a remarriage contingency in an alimony provision
does not automatically or conclusively make the alimony peri-
odic and subject to modification. In determining whether a
specific award of alimony is periodic alimony or alimony in
gross, a court must focus on and give effect to the parties'
intent if alimony was a matter of settlement or on the trial
court's intent if alimony was contested.

In this case, the parties intended the plaintiff to receive
alimony in gross. Accordingly, the trial court properly denied
the motion for modification of alimony.

Affirmed.

DIVORCE — ALIMONY — MODIFICATION.

Alimony that is subject to termination upon the recipient's death
or remarriage is not automatically or conclusively alimony in
gross that is not subject to modification absent fraud; a court,
in determining whether alimony is periodic alimony or alimony
in gross, must focus on and give effect to the parties' or the
awarding court's intention.

REFERENCES

Am Jur 2d, Divorce and Separation §§ 630, 635, 637, 671, 704, 705,
728.

Alimony as affected by wife's remarriage, in absence of controlling
specific statute. 48 ALR2d 270.

*Dennis W. Koltunchik,* for the plaintiff.

*Scheuerle & Zitta* (by *Robert J. Scheuerle*), for the defendant.

Before: SHEPHERD, P.J., and HOLBROOK, JR. and MACKENZIE, JJ.

PER CURIAM. Plaintiff appeals as of right from an order dismissing her motion to modify the alimony provision of the parties' judgment of divorce. We affirm.

The parties were married in 1967 and divorced in October 1986. The judgment of divorce provided for alimony as follows:

> IT IS ORDERED AND ADJUDGED that the Defendant husband shall continue to pay to the Plaintiff wife alimony as follows:
>
> a) $2500.00 per month for the months October through December, 1986, that being a total of $7500.00 for the balance of the 1986 calendar year;
>
> b) $2000.00 per month for the months January through December, 1987, that being a total of $24,000.00 for the 1987 calendar year;
>
> c) $1200.00 for the months January 1988 through December 1990, that being a total of $43,200.00 for the calendar years 1988, 1989, and 1990.
>
> IT IS FURTHER ORDERED AND ADJUDGED that Defendant G. Dan Pring shall have the right to make such other and further additional alimony payments as shall be necessary to comply with all applicable rules and regulations of the Internal Revenue Code, including such rules and regulations as may be adopted subsequent to the entry of this Judgment of Divorce, as Defendant shall determine to be in his best financial interest, provided that such additional payments do not adversely affect the payment to Plaintiff as set forth above.

> IT IS FURTHER ORDERED AND ADJUDGED that the specific alimony payments set forth herein shall not be diminshed [sic] because of any future increases in Plaintiff's earnings or decreases in Defendant's earnings, but rather said payments shall be subject to termination in the event of Plaintiff's death or remarriage.

Plaintiff moved for modification of alimony in March 1992, more than a year after the last scheduled alimony payment. The trial court denied the motion, ruling that the intent of the parties was to make the alimony award nonmodifiable. The sole issue on appeal is whether the trial court should have found that the total amount of alimony payments was unascertainable and therefore constituted modifiable periodic alimony. We find no error.

Although the circuit court has the authority to modify an alimony award upon a showing of a change in circumstances, MCL 552.28; MSA 25.106, an exception exists for alimony in gross, which is nonmodifiable absent a showing of fraud. *Turner v Turner,* 180 Mich App 170, 172; 446 NW2d 608 (1989). Alimony in gross is a sum certain and is payable either in one lump sum or in periodic payments of a definite amount over a specific period of time. *Id.*

There is a conflict among panels of this Court regarding whether contingency provisions for the termination of alimony on death or remarriage make the alimony amount unascertainable and thus modifiable periodic alimony. In *Hall v Hall,* 157 Mich App 239; 403 NW2d 530 (1987), the majority adopted a bright-line approach to distinguish periodic alimony from alimony in gross and concluded that if the alimony provision contains a contingency for termination in the event of the death of the recipient, then the alimony is deemed

to be periodic alimony, which is subject to modification. See also *Van Houten v Van Houten,* 159 Mich App 713; 407 NW2d 69 (1987), and *Oknaian v Oknaian,* 90 Mich App 28; 282 NW2d 230 (1979) (alimony contingent upon remarriage was not alimony in gross); *Firnschild v Firnschild,* 67 Mich App 327; 240 NW2d 790 (1976) (alimony contingent upon sale of the marital residence, graduation from high school of the youngest child, and remarriage of recipient was not alimony in gross); *Couzens v Couzens,* 140 Mich App 423; 364 NW2d 340 (1985) (while alimony contingent upon remarriage was not alimony in gross, the "provision for termination of alimony on death of the [recipient] does not bear upon the gross alimony issue").[1] These cases reason that if the continuation of monthly payments is subject to a contingency, the actual amount of the obligation is not ascertainable and thus cannot be considered alimony in gross.

Other panels of this Court have rejected the bright-line approach to distinguish periodic alimony from alimony in gross. These panels have endorsed an approach that focuses on the intent behind the alimony provision, regardless of a remarriage or a survivorship contingency. See *Pierce v Pierce,* 166 Mich App 579; 420 NW2d 855 (1988); *Macoit v Macoit,* 165 Mich App 390; 418 NW2d 476 (1988); *Turner, supra; Blake v Blake,* 178 Mich App 315; 443 NW2d 408 (1989). See also *Tomblinson v Tomblinson,* 183 Mich App 589; 455 NW2d 346 (1990); *Flager v Flager,* 190 Mich App 35; 475 NW2d 411 (1991) (decree providing alimony until further order of the court shows parties intended

---

[1] Judge MacKenzie was on the *Couzens* panel. She no longer adheres to the view that a contingency provision for the termination of alimony on remarriage automatically results in an award of modifiable periodic alimony, and she confesses error to the extent *Couzens* so held.

modifiable periodic alimony); *Goldberg v Goldberg,* 171 Mich App 643; 430 NW2d 926 (1988) (condition regarding tax consequences was not sufficient to defeat parties' intent to create alimony in gross).

We prefer the latter approach, and hold that the inclusion of a survival or a remarriage contingency in an alimony provision does not automatically or conclusively create modifiable periodic alimony rather than nonmodifiable alimony in gross. Instead, when called upon to distinguish between modifiable and nonmodifiable alimony, courts should focus on the intentions of the parties in negotiating a settlement agreement, or of the trial court in fashioning an alimony award, and give effect to that intent.

In this case, the trial court found that the intent of the parties was to provide plaintiff nonmodifiable alimony in gross. The specificity of the amounts to be paid per month and per year supports this finding. Further, plaintiff herself indicates that the purpose of the alimony provision was rehabilitative, i.e., to provide for her support until she found gainful employment. This purpose is consistent with an intent to provide alimony in gross. Finally, the alimony award in this case did not provide for alimony until further order of the court, as in *Tomblinson* and *Flager, supra.* Instead, the express terms of the alimony provision make it apparent that, even if the parties intended periodic modifiable alimony, they intended defendant's obligation to pay such alimony to exist for a limited time and to be absolutely extinguished at the end of the 1990 calendar year. Under these circumstances, we conclude that the trial court properly declined to award plaintiff further alimony.

Affirmed.