PINKA v PINKA

Docket No. 147519. Submitted January 18, 1994, at Lansing. Decided July 5, 1994, at 9:15 A.M. Leave to appeal sought.

Ugis Pinka was granted a judgment of divorce from Connie Pinka in the Oakland Circuit Court, Robert C. Anderson, J. The judgment provided that in full discharge of the plaintiff's obligation to provide for the support and maintenance of the defendant, the plaintiff would pay the defendant a certain sum each month until her death or remarriage or the expiration of four years, whichever occurred first. The judgment further provided that thereafter alimony for the defendant would be barred forever. Less than four years later, the defendant filed a motion seeking an extension and increase in alimony based upon a change of circumstances. The court granted the plaintiff's motion for summary disposition, finding the alimony order to be nonmodifiable. The defendant appealed.

The Court of Appeals *held:*

The language of the alimony award indicates an intent to make the award final. The parties intended to create alimony in gross, which is nonmodifiable.

Affirmed.

1. DIVORCE — ALIMONY — MODIFICATION.

The intent of the parties is the overriding concern in determining whether an award of alimony in a judgment of divorce was for periodic alimony or alimony in gross; the number and type of contingencies included in the award should be considered only as factors in determining intent.

2. DIVORCE — ALIMONY — JUDGMENTS — INTENT.

The parties' or the trial court's intent regarding whether the alimony provided in a judgment of divorce is in gross or periodic should be expressed clearly and unequivocally on the record and in the ultimate instrument that incorporates the alimony provision; where the parties agree to provide for alimony in gross, the payee should articulate clearly, through

REFERENCES
Am Jur 2d, Divorce and Separation §§ 635-637, 704.
See ALR Index under Alimony.

testimony or otherwise, that the payee understands that the alimony is in gross and therefore nonmodifiable; where the alimony is periodic, the payor should articulate clearly that the payor fully understands that a change in circumstances may cause the award to be modified.

*Butzel Long* (by *Edward D. Gold* and *Patricia L. Sadler*), for the plaintiff.

*Schmidt, Isgrigg & McMillen* (by *Phyllis C. McMillen*), for the defendant.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and D. G. TYNER,* JJ.

DOCTOROFF, C.J. Defendant appeals an order of the circuit court granting plaintiff's motion for summary disposition. The sole issue on appeal is whether the alimony in the divorce settlement reached by the parties and relied upon by the circuit court in its judgment of divorce is nonmodifiable as alimony in gross. The circuit court concluded that it is. We affirm.

The judgment of divorce included the following alimony provision:

In full discharge of the Husband's obligation to provide for the support and maintenance of the Defendant . . . the Plaintiff shall pay to the Defendant . . . the sum of $1,083.33 every month commencing on September 11, 1987, and continuing until the death or remarriage of the Defendant or the expiration of four years, whichever first occurs. Thereafter alimony for the Defendant shall be forever barred. Alimony payments shall be excludable to Plaintiff and includable by Defendant in their respective income tax returns.

At the time of the divorce, December 23, 1987, the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

parties had been married for twenty-one years. Defendant was fifty-one years old. During the marriage defendant worked only sporadically. After the divorce, she returned to college to obtain a master's degree and pursue a career in psychology. However, she suffered various health problems and was involved in an accident that required surgery. Her mental health also deteriorated after the divorce.

In January 1991, defendant filed a motion seeking an extension and increase in alimony based upon a change of circumstances. A hearing was held before a friend of the court referee, who recommended an extension of alimony, which plaintiff rejected. Plaintiff then moved for summary disposition, which the circuit court granted on the basis that the alimony order was nonmodifiable.

In determining whether an alimony agreement or order provides for periodic alimony, which is modifiable, MCL 552.28; MSA 25.106, or alimony in gross, which is nonmodifiable, *Tomblinson v Tomblinson,* 183 Mich App 589, 593; 455 NW2d 346 (1990), this Court generally construes the agreement to give effect to the parties' intent expressed in that agreement. *Id.*

In *Tomblinson, supra* at 594, this Court held that the alimony order was modifiable because the consent judgment of divorce provided that the alimony payments would continue until the wife's death or remarriage, the expiration of ten years, or "until the further Order of this Court." It was the inclusion of this final contingency that persuaded this Court to conclude that the parties intended the alimony to be periodic and, therefore, modifiable.

In this case, plaintiff argues that the absence of such language indicates an intent by both parties

to make the alimony nonmodifiable. While we cannot agree that the absence of a provision requires us to read in a provision to the contrary, we nevertheless arrive at plaintiff's conclusion for other reasons. The judgment of divorce provided, first, that plaintiff would provide the alimony payments "[i]n full discharge of [his] obligation to provide for the support and maintenance of the Defendant," and, second, that "[t]hereafter alimony for the Defendant shall be forever barred." Such language indicates an intent to make the alimony award final.

Defendant argues in response that the contingencies attached to plaintiff's duty to pay alimony —in this case, death or remarriage of defendant— are determinative of a finding of periodic, modifiable alimony. Defendant cites *Hall v Hall,* 157 Mich App 239, 242; 403 NW2d 530 (1987), for the proposition that such contingencies show that "the actual amount of the obligation was not specifically ascertainable and, therefore, the obligation itself cannot be considered alimony in gross." See also *Van Houten v Van Houten,* 159 Mich App 713, 717; 407 NW2d 69 (1987); *Couzens v Couzens,* 140 Mich App 423, 428; 364 NW2d 340 (1985); *Welch v Welch,* 112 Mich App 524, 526; 316 NW2d 258 (1982).

However, subsequent decisions of this Court have rejected such a bright-line approach. In *Turner v Turner,* 180 Mich App 170, 174; 446 NW2d 608 (1989), this Court held that the intent of the parties should be the overriding concern, while the number and type of contingencies should be considered only as factors in determining intent. Essentially, the *Turner* panel, which included a member of the *Hall* majority, rejected the majority opinion in *Hall* in favor of the concurring opinion. *Turner, supra* at 173-174, 175, n 1. The

*Turner* Court concluded that the contingencies of death and remarriage did not show an intent to create periodic alimony in that case. *Id.* at 175. See also *Blake v Blake,* 178 Mich App 315, 317-318; 443 NW2d 408 (1989); *Pierce v Pierce,* 166 Mich App 579, 582; 420 NW2d 855 (1988); *Macoit v Macoit,* 165 Mich App 390, 392-393; 418 NW2d 476 (1988).

This Court adopted the *Turner* approach in *Bonfiglio v Pring,* 202 Mich App 61; 507 NW2d 759 (1993), which we must follow pursuant to Administrative Order No. 1994-4. *Bonfiglio* concerned an alimony order very much like the one in this case —a series of payments over a set period of time, subject to early termination upon the death or remarriage of the recipient. The Court found the following factors determinative of the parties' intent to create alimony in gross: the specificity of the amount to be paid each month; the fact the purpose of the alimony was to provide the recipient support until she found gainful employment; and the fact the alimony award was not subject to further order of the court, as in *Tomblinson, supra.*

Because these same factors are present in this case, and because we see no other unusual circumstances to suggest otherwise, we conclude that the parties in this case intended to create alimony in gross. The trial court did not err in denying defendant's motion to modify the alimony award.

Having reached a resolution regarding the intent of the parties, we now express our conviction that it is a waste of precious judicial and client resources for the parties to leave to this Court the determination of the parties' intent regarding whether the alimony is in gross or periodic. In order to prevent this very type of protracted litigation, the parties' or the court's intent should be

clearly and unequivocally expressed upon the record and in the ultimate instrument that incorporates the alimony provision.

All too often, the parties involved have no idea what the differences are between alimony in gross and periodic alimony, much less how those intentions should be expressed in the judgment. Accordingly, it should be incumbent upon the bench and bar to make it crystal clear to the parties what it is they are agreeing to and what the implications of their acquiescence may be. In cases where the parties agree to provide for alimony in gross, the payee should clearly articulate, through testimony or otherwise, that the payee understands that the alimony is in gross and therefore nonmodifiable. In cases where the alimony is periodic, the payor should clearly articulate that the payor fully understands that a change in circumstances may cause the award to be modified.

It does not seem overly burdensome to request that the bench and bar conduct a full inquiry regarding the nature of the award at the time the parties express their agreement. That inquiry could easily be expressed at the time the judgment is entered, through affidavits filed with the judgment or, better yet, within the judgment itself. If the parties agree that the alimony is in gross, it would be prudent to use those exact words within the divorce judgment. If the parties agree that the alimony will be periodic, then that should be clearly articulated in the judgment. At a time when this Court and the trial courts of this state are feeling the heavy burdens of backlog, it is unfortunate that our dockets must become cluttered with litigation that could well have been averted had the parties and the trial court insisted upon clarity and simplicity.

We thus direct the bench and bar to make it absolutely clear in future cases of this nature that the alimony is in gross or periodic.

Affirmed.