WILEY v WILEY

Docket No. 174268. Submitted July 18, 1995, at Detroit. Decided
    December 26, 1995, at 9:05 A.M.

  Jackie D. Wiley brought an action in the Wayne Circuit Court,
  seeking a divorce from Linda J. Wiley. The court, Michael J.
  Talbot, J., granted the divorce and awarded rehabilitative
  alimony to the defendant for two years. The defendant ap-
  pealed.

    The Court of Appeals held:

    1. The trial court's dispositive ruling regarding alimony is
  inequitable and the trial court clearly erred in failing to find
  that the facts supported an award of periodic alimony subject
  to modification on a showing of changed circumstances.

    2. The case must be remanded for a ruling with regard to
  whether the defendant should be awarded costs and attorney
  fees incurred on appeal.

    Reversed and remanded.

    SAWYER, J., dissenting, stated that he was not persuaded that
  the trial court erred in awarding rehabilitative alimony for two
  years, that he is satisfied that the trial court considered the
  appropriate factors, and that he is not persuaded that the trial
  court's decision with respect to alimony is inequitable. The
  defendant should merely be allowed to move in the trial court
  for an award of fees related to the appeal.

*Hunt and Associates, P.C.* (by *Alan D. Hunt*), for
the plaintiff.

*Judith A. Curtis,* for the defendant.

Before: MICHAEL J. KELLY, P.J., and SAWYER and
D. R. FREEMAN,* JJ.

MICHAEL J. KELLY, P.J. Defendant appeals as of
right from a March 18, 1994, judgment of divorce

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

entered by the Wayne Circuit Court and asserts that the trial court erred in denominating alimony as rehabilitative and limiting it to a period of two years. We reverse.

The standard of review for findings of fact is the clearly erroneous standard and for dispositive rulings the standard is whether we are left with a firm conviction that the decision was inequitable. *Sparks v Sparks,* 440 Mich 141, 151-152; 485 NW2d 893 (1992). We have a definite and firm conviction that the trial court's ruling regarding alimony is inequitable and the trial court clearly erred in failing to designate its alimony award as periodic alimony subject to modification on a showing of changed circumstances. MCL 552.28; MSA 25.106. There is no record support for interpreting the award as alimony in gross. Had the trial court intended to so limit the award, it would have been simple to do so. The trial court also did not declare the award nontaxable, final, or nonmodifiable. Cf. *Bonfiglio v Pring,* 202 Mich App 61; 507 NW2d 759 (1993), and *Pinka v Pinka,* 206 Mich App 101; 520 NW2d 371 (1994).

The trial court probably intended that the award could be modified if defendant were unable to obtain full-time employment and support herself. During the thirty-year marriage, defendant had a history of part-time employment, and although the trial court certainly intended to encourage her to work full-time that objective is not always attainable for people in their fifties, male or female. Whether the trial court would have designated the alimony as subject to its further order is not known. Application was apparently not made to the trial court for modification. We do not believe that the language in the judgment to the effect that alimony is "not permanent" forecloses a construction that alimony is periodic.

There is ample support in the record for permitting defendant to apply for modification upon a change of circumstances, particularly in view of the plaintiff's far superior earnings and the defendant's emotional and physical health problems. Had the trial court refused to award any alimony we would reverse on reasoning similar to that announced in *Hanaway v Hanaway,* 208 Mich App 278; 527 NW2d 792 (1995). Here, the award to the defendant is nowhere near the amount or proportion of the award of assets received in the *Hanaway* property division, and the difference in income has widened rather than narrowed.

Regarding the award of attorney fees and costs prayed for by defendant for prosecuting this appeal, we grant that request. We note, however, that defendant has prayed for $5,000 as her costs and attorneys fees, but we believe the trial court is in a better position to determine the reasonableness and necessity of such an award, and we remand to the trial court for that purpose. At the same time, the defendant should petition the trial court for modification of the alimony award, which is now designated as periodic.

Reversed and remanded.

D. R. FREEMAN, J., concurred.

SAWYER, J. *(dissenting).* I respectfully dissent.

Defendant argues that the trial court erred in the award of alimony. The standard of review to be applied in reviewing a dispositional ruling in a divorce case, including alimony awards, was stated by the Supreme Court in *Sparks v Sparks,* 440 Mich 141, 151-152; 485 NW2d 893 (1992):

> To alleviate any possible confusion stemming from our prior cases, we hold here that the appel-

late standard of review of dispositional rulings is not limited to clear error or to abuse of discretion. The appellate court must first review the trial court's findings of fact under the clearly erroneous standard. If the findings of fact are upheld, the appellate court must decide whether the dispositive ruling was fair and equitable in light of those facts. But because we recognize that the dispositional ruling is an exercise of discretion and that appellate courts are often reluctant to reverse such rulings, we hold that the ruling should be affirmed unless the appellate court is left with the firm conviction that the division was inequitable. *Kuntze v Kuntze,* 351 Mich 144; 88 NW2d 608 (1958); *Whittaker v Whittaker,* 343 Mich 267; 72 NW2d 207 (1955).

Defendant argues that the trial court erred in awarding rehabilitative alimony for a period of two years rather than awarding permanent alimony. However, having reviewed the record and the parties' arguments, I am not persuaded that the trial court erred, I am satisfied that the trial court considered the appropriate factors, and I am not persuaded that the trial court's decision with respect to alimony was inequitable.

Concerning defendant's request for attorney fees and costs for prosecuting this appeal, because the trial court is in a superior position to determine the need for defendant to be awarded attorney fees to proceed with the appeal, I would merely allow defendant to move in the trial court for an award of fees for this appeal and for the trial court to decide the issues accordingly.