T.C. Memo. 1998-331

UNITED STATES TAX COURT

FRANCES J. RYAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

W. GREGORY AND PATRICIA L. RYAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 461-96, 1274-96.       Filed September 21, 1998.

<u>Ross F. Stancati</u>, for petitioner in docket No. 461-96.

<u>Daniel P. McGlinn</u>, <u>Russell A. Kreis</u>, and <u>Matthew S. DePerno</u>,
for petitioners in docket No. 1274-96.

<u>Alexandra E. Nicholaides</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

DEAN, <u>Special Trial Judge</u>:  These cases were heard pursuant
to section 7443A(b)(3) and Rules 180, 181, and 182.[1]   These

---

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the years at issue, and Rule
(continued...)

cases were consolidated on August 20, 1997, for purposes of trial, briefing, and opinion.

Respondent determined deficiencies in Frances J. Ryan's Federal income taxes for 1991, 1992, and 1993 in the amounts of $1,950, $1,950, and $1,950, respectively. Respondent determined a deficiency in Gregory Ryan's Federal income tax for 1991 in the amount of $4,030. Respondent determined deficiencies in Gregory and Patricia Ryan's Federal income taxes for 1992 and 1993 in the amounts of $3,954 and $4,019, respectively.

The issue for decision is whether the $13,000 paid by Gregory Ryan to his former wife, Frances Ryan, during each of the taxable years in issue is alimony.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Frances Ryan resided in Charlotte, North Carolina, at the time her petition was filed. Gregory Ryan and his wife, Patricia Ryan, resided in Schofield, Wisconsin, at the time their petition was filed.

## FINDINGS OF FACT

On December 29, 1989, after a trial, Gregory and Frances Ryan were granted a divorce by the Circuit Court for the County of Kalamazoo, Michigan (trial court). The Judgment of Divorce

---

[1](...continued)
references are to the Tax Court Rules of Practice and Procedure.

issued by the trial court provided for permanent alimony payable to Frances Ryan as follows:

> IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff, W. GREGORY RYAN, shall pay to the Defendant, FRANCES RYAN, for her support and maintenance, the sum of SEVEN HUNDRED ($700.00) DOLLARS per month, in advance, commencing January 5, 1990, for January, February, March and April of 1990, and commencing May 5, 1990, the sum of TWO HUNDRED FIFTY ($250.00) DOLLARS PER WEEK, and continuing thereafter until the death or substantial change in circumstances, or until further order of this Court having competent jurisdiction. This alimony shall be paid through the Friend of the Court consistent with the provisions hereinafter found dealing with payment of support.

In 1991, Gregory Ryan appealed the Judgment of Divorce to the Michigan Court of Appeals (court of appeals) on the grounds that the alimony granted by the trial court was in excess of the alimony requested by Frances Ryan. In the divorce proceedings, Frances Ryan had asked for alimony for a term of 8 years, yet the Judgment of Divorce provided alimony until Frances Ryan's death or a substantial change in circumstances.

The court of appeals rendered a per curiam opinion dated May 8, 1991, finding that the trial court's alimony award was improper and remanded the matter to the trial court "for modification of the divorce judgment to reflect an alimony award of $250 a week for eight years."

At trial and in the stipulation of facts, Gregory and Patricia Ryan objected to the admission into evidence of the court of appeals opinion on the grounds of hearsay, relevance,

and the best evidence rule.  The best evidence objection was made because the document submitted was a photocopy, not a certified copy of the opinion.  Rule 1002 of the Federal Rules of Evidence provides:

> To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress.

Rule 1005 of the Federal Rules of Evidence further provides:

> The contents of an official record, or of a document authorized to be recorded or filed and actually recorded or filed, including data compilations in any form, if otherwise admissible, may be proved by copy, certified as correct in accordance with rule 902 or testified to be correct by a witness who has compared it with the original.  If a copy which complies with the foregoing cannot be obtained by the exercise of reasonable diligence, then other evidence of the contents may be given.

See Fed. R. Evid. 902(4).

Respondent subsequently substituted for the photocopy of the court of appeals opinion a certified copy of the opinion as required by rules 1005 and 902 of the Federal Rules of Evidence. We therefore overrule Gregory and Patricia Ryan's objection based on the best evidence rule.

We also overrule their hearsay and relevance objections.  On the basis of rule 201(b) of the Federal Rules of Evidence, we find that the opinion may be admitted under the doctrine of judicial notice.  A court may take notice of another court's order for the limited purpose of recognizing the judicial act

that the order represents or the subject matter of the litigation.  United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994); see United States v. Garland, 991 F.2d 328, 332 (6th Cir. 1993).  "The law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice, without plea or proof."  Lamar v. Micou, 114 U.S. 218, 223 (1885); see Toney v. Burris, 829 F.2d 622, 626-627 (7th Cir. 1987).  In the present cases, we take judicial notice of the court of appeals opinion not for the truth of the facts contained therein, but for establishing that the court of appeals did in fact render such an opinion on the issue of Frances and Gregory Ryan's alimony provisions.  It is clearly relevant for that purpose.  The court of appeals opinion is therefore admitted into evidence.

Gregory Ryan subsequently filed a motion for clarification with the court of appeals, which was dismissed because it was not timely filed.  The trial court did not amend the Judgment of Divorce pursuant to the court of appeals opinion.

Frances Ryan did not include payments from Gregory Ryan in 1991, 1992, and 1993 as income.  Although she did not testify at trial, the record reflects that she treated the court of appeals opinion as having specifically removed the termination upon death provision contained in the original Judgment of Divorce.  Gregory

Ryan, on the other hand, treated the payments as though a termination upon death provision was still in effect and the payments were alimony for a term of 8 years.

OPINION

Petitioners complain that respondent has taken inconsistent positions in issuing separate statutory notices of deficiency to both Gregory and Patricia Ryan, and to Frances Ryan. It is immaterial whether the alternative claims were contained in a single notice of deficiency or in separate notices. Doggett v. Commissioner, 66 T.C. 101, 103 (1976). Separate determinations against each of the former spouses for the same tax liability intended to protect the revenue in a "whipsaw" situation do not negate the presumption of correctness as to either notice. Smith v. Commissioner, T.C. Memo. 1996-292; INI, Inc. v. Commissioner, T.C. Memo. 1995-112, affd. without published opinion 107 F.3d 27 (11th Cir. 1997).

Gross income includes amounts received as alimony. Secs. 71(a), 61(a)(8). If alimony is includable in the payee spouse's gross income under section 71(a), the payor spouse is allowed to deduct the amount of the alimony paid. Sec. 215(a) and (b). For purposes of being included in gross income, alimony is defined by section 71(b)(1) as any cash payment meeting the following four criteria:

> (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Sec. 71(b)(1)(A)-(D). Accordingly, if any portion of the payments made by Gregory Ryan fails to meet any of the four enumerated criteria, that portion is not alimony and is not deductible.

Frances Ryan first argues that Gregory Ryan's payments do not satisfy the requirement of section 71(b)(1)(A), which provides that payments must be received under a divorce or separation instrument. She contends that the court of appeals opinion effectively revoked all language in the Judgment of Divorce as to how long and the conditions under which Gregory Ryan's payments were to be made. She argues that no order for payment of alimony existed at all after May 1991.

Michigan Court Rule 7.215(D) provides that an "opinion or order is notice of the entry of judgment of the Court of Appeals". The opinion becomes final after the time for appealing to the Michigan Supreme Court has expired. Mich. Ct. R.

7.215(E). The original divorce decree as modified by opinion rendered by the court of appeals limiting alimony to a term of 8 years is an order sufficient to satisfy the requirement of section 71(b)(1)(A). The court of appeals remanded the matter to the trial court for a specific "modification of the divorce judgment". It was not a revocation of the divorce judgment. We find therefore, that an order for payment was in existence during the taxable years in issue and meets the requirements of section 71(b)(1)(A).

Frances Ryan also argues that Gregory Ryan's payments fail the fourth requirement of section 71(b)(1), which provides that the alimony obligation must terminate upon the payee's death. Section 71(b)(1)(D), however, does not require that the termination upon death provision be in writing in the divorce instrument; alimony may terminate as a matter of State law upon death of the payee spouse. See Cunningham v. Commissioner, T.C. Memo. 1994-474.

Under Michigan State law, in the absence of a written provision in the judgment of divorce to the contrary, alimony terminates upon the death of the payee spouse. Couzens v. Couzens, 364 N.W.2d 340 (Mich. Ct. App. 1985). Thus, by reason of the express language in the divorce decree and as a matter of State law, it is clear that payments ordered in the Judgment of

Divorce were alimony before the court of appeals rendered its opinion in 1991.

It is less clear, however, whether the payments are alimony after the court of appeals remanded the case to the trial court. If the effect of the court of appeals opinion was to specifically remove the termination upon death language in the Judgment of Divorce, the payments made by Gregory Ryan to Frances Ryan may not be alimony under Michigan State law. If, however, the court of appeals opinion modified the Judgment of Divorce, yet left the termination upon death provision intact, the payments clearly are alimony.

The court of appeals opinion states in pertinent part:

> the trial court ordered that defendant be paid alimony until death or changed circumstances. We note that defendant requested only an eight-year alimony award. In light of defendant's testimony that she would require alimony for eight years, we find the trial court's order of permanent alimony improper. Accordingly, we remand for modification of the divorce judgment to reflect an alimony award of $250 a week for eight years.

In light of the language contained in the court of appeals opinion, we find that the termination upon death provision contained in the Judgment of Divorce was not modified by the higher court's opinion. The issue raised in the appeal was the length of the alimony payments, not whether the payments were in fact alimony. We conclude that the original nature of the payments was not changed; instead, the payments were merely

limited to no more than 8 years rather than continued indefinitely until death or a change in circumstances. This is consistent with the court of appeals' use of the terms "permanent alimony" and "alimony for eight years".

Furthermore, the court of appeals refers to the 8 years of payments as "alimony" in several places throughout the opinion. We presume the court of appeals uses words of appropriate legal meaning. We do not believe the court of appeals would use the word "alimony" when referring to the payments made from Gregory Ryan to Frances Ryan if it did not intend for the termination upon death language to remain part of the final judgment of divorce.

Alimony is defined under Michigan State law as payments which: (1) Qualify as "alimony or separate maintenance" pursuant to section 71(b); and (2) terminate upon the death of the payee spouse. See Couzens v. Couzens, supra. By using the word "alimony" in its opinion, we believe the court of appeals intended for the payments to satisfy the requirements for alimony under Michigan State law. To read anything else into the court of appeals opinion would be presumptuous and inconsistent with the plain language of the opinion.

Gregory and Patricia Ryan in their reply brief requested that the Court order that respondent pay them $15,000 toward their costs and attorney's fees. Rule 231 provides that any

claim for reasonable litigation or administrative costs must be made by motion, fulfilling specific requirements, and filed within 30 days after service of a written opinion resolving the issues in the case.  We therefore decline to address their request unless or until such a motion is filed.

To reflect the foregoing,

<u>Decisions will be entered for petitioners in docket No. 1274-96 and for respondent in docket No. 461-96</u>.